1  DAVID H. KRAMER, State Bar No. 168452
2  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
3  650 Page Mill Road
   Palo Alto, CA 94304-1050
4  Telephone:   (650) 493-9300
   Facsimile:   (650) 565-5100
5  Email:       dkramer@wsgr.com

6
   *Attorneys for Defendant*
7  *PINTEREST, INC.*

8              **UNITED STATES DISTRICT COURT**
               **NORTHERN DISTRICT OF CALIFORNIA**
9                   **SAN JOSE DIVISION**

10

11 BLAINE HARRINGTON III,          )   CASE NO.: 5:20-cv-05290-EJD
                                   )
12            Plaintiff,           )   **DEFENDANT PINTEREST, INC.'S**
                                   )   **NOTICE OF MOTION AND MOTION**
13      v.                         )   **TO DISMISS COUNTS II AND III OF**
                                   )   **PLAINTIFF'S COMPLAINT**
14 PINTEREST, INC.,                )
                                   )   Date:    February 4, 2021
15            Defendant.           )   Time:    9:00 a.m.
                                   )   Dept.:   Courtroom 4, 5th Floor
16                                 )   Before:  Hon. Judge Edward J. Davila
                                   )
17                                 )   Complaint Filed: July 31, 2020
                                   )
18                                 )
19 _____)

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ..................................................................................... 1

STATEMENT OF REQUESTED RELIEF ............................................................................... 1

STATEMENT OF ISSUES TO BE DECIDED ......................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................. 1

I.      INTRODUCTION ....................................................................................................... 1

II.     BACKGROUND ......................................................................................................... 3

     A.      Pinterest's Online Service ............................................................................... 3

     B.      Plaintiff and His Claims ................................................................................... 3

     C.      Procedural History ........................................................................................... 6

III.    ARGUMENT ............................................................................................................... 7

     A.      Count II Should Be Dismissed Because Plaintiff Does Not Allege a Plausible Claim of Contributory Infringement ................................................. 8

          1.      Plaintiff Fails to Plead that Pinterest Had Knowledge of Specific Instances of Alleged Infringement of His Photographs ............................. 8

          2.      Plaintiff Fails to Plead that Pinterest Eschewed "Simple Measures" for Finding and Removing Alleged Infringements of Plaintiff's Photographs .............................................................................................. 10

     B.      Count III Should Be Dismissed Because Plaintiff Does Not Allege a Plausible Claim Under 17 U.S.C. Section 1202(b) ....................................... 13

          1.      Plaintiff Fails to Allege Pinterest "Knew" or "Should Have Known" that Its Display of Thumbnail Images Would Aid Copyright Infringement .......................................................................................... 14

          2.      Plaintiff Fails to Allege Pinterest Intentionally Removed or Altered CMI In Violation of Section 1202(b)(1) .................................................. 17

IV.     CONCLUSION ......................................................................................................... 18

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

A&M Records, Inc. v. Napster, Inc.,
239 F.3d 1004 (9th Cir. 2001) ........................................................................................ 8, 9

ALS Scan, Inc. v. Cloudflare, Inc.,
No. CV 16-5051-GW, 2017 WL 1520444 (C.D. Cal. Feb. 16, 2017) ............................. 13

Ashcroft v. Iqbal,
556 U.S. 662 (2009) ...................................................................................................... 7, 8

Authors Guild v. Google, Inc.,
804 F.3d 202 (2d Cir. 2015) ............................................................................................ 12

Bell Atl. Corp. v. Twombly,
550 U.S. 544 (2007) .......................................................................................................... 7

Caraccioli v. Facebook, Inc.,
167 F. Supp. 3d 1056 (N.D. Cal. 2016) ............................................................................ 7

Cobbler Nev., LLC v. Gonzales,
901 F.3d 1142 (9th Cir. 2018) ................................................................................... 12, 13

Corbis Corp. v. Amazon.com, Inc.,
351 F. Supp. 2d 1090 (W.D. Wash. 2004) ........................................................................ 9

Davis v. Pinterest, Inc.,
Case No. 4:19-cv-07650-HSG (N.D. Cal.) ........................................................................ 6

Davis v. Pinterest, Inc.,
No. 19-cv-07650-HSG, 2020 U.S. Dist. LEXIS 129657
(N.D. Cal. July 22, 2020) ........................................................................................ passim

eAdGear, Inc. v. Liu,
No. 11-CV-05398 JCS, 2012 WL 2367805 (N.D. Cal. June 21, 2012),
report and recommendation adopted by 2012 WL 4005454
(N.D. Cal. Sept. 11, 2012) ................................................................................................. 5

Epikhin v. Game Insight N. Am.,
No. 14-CV-04383-LHK, 2015 WL 2412357 (N.D. Cal. May 20, 2015) .......................... 10

ExperExchange, Inc. v. Doculex, Inc.,
No. C-08-03875 JCS, 2009 WL 3837275 (N.D. Cal. Nov. 16, 2009) ............................. 12

Harrington v. Club Medisa Destination Mgmt. Corp.,
2:18-cv-07493, ECF No. 13 (C.D. Cal. Dec. 4, 2018) ...................................................... 4

*Harrington v. Lemonade LLC*,
    1:20-cv-01100, ECF No. 14 (D. Colo. July 9, 2020) ......................................................... 4

*Kelly v. Arriba Soft Corporation*,
    77 F. Supp. 2d 1116 (C.D. Cal. 1999), *aff'd in part, rev'd in part*, 280 F.3d
    934 (9th Cir. 2002), *opinion withdrawn and superseded on denial of reh'g
    and aff'd in part, rev'd in part*, 336 F.3d 811 (9th Cir. 2003) ....................... 15, 16, 17, 18

*Ledesma v. Corral*,
    No. 2:15-cv-04266-ODW-GJS, 2016 WL 827743 (C.D. Cal. Mar. 2, 2016) ................... 13

*Luvdatrs, LLC v. AT&T Mobility, LLC*,
    710 F.3d 1068 (9th Cir. 2013) ......................................................................................... 2, 8, 9

*MGM Studios Inc. v. Grokster, Ltd.*,
    545 U.S. 913 (2005) ......................................................................................................... 2, 13

*Miller v. Pixar Animation Studios*,
    No. C 02-04748 JW, 2005 U.S. Dist. LEXIS 59905 (N.D. Cal. May 2, 2005) ............... 12

*Mills v. Netflix, Inc.*,
    No. CV 19-7618-CBM-(AGRx), 2020 WL 548558 (C.D. Cal. Feb. 3, 2020) ................ 16

*Mountain States Agency, LLC v. Harrington*,
    1:20-cv-00041, ECF No. 41 (D.N.M. Sept. 23, 2020) ......................................................... 4

*Muench Photography, Inc. v. Pearson Educ., Inc.*,
    No. 13-cv-03937-WHO, 2013 WL 6172953 (N.D. Cal. Nov. 25, 2013) .......................... 10

*Nat'l Photo Grp., LLC v. Allvoices, Inc.*,
    No. C-13-03627 JSC, 2014 WL 280391 (N.D. Cal. Jan. 24, 2014) ........................... 10, 13

*Opperman v. Path, Inc.*,
    205 F. Supp. 3d 1064 (N.D. Cal. 2016) .............................................................................. 3

*Perfect 10, Inc. v. Amazon.com*,
    508 F.3d 1146 (9th Cir. 2007) ................................................................................. 8, 10, 11

*Perfect 10, Inc. v. Giganews, Inc.*,
    847 F.3d 657 (9th Cir. 2017) ....................................................................................*passim*

*Perfect 10, Inc. v. Google, Inc.*,
    No. CV 04-9484 AHM,  2010 WL 9479060 (C.D. Cal. July 30, 2010) .......................... 11

*Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*,
    494 F.3d 788 (9th Cir. 2007) ..................................................................................... 8, 12

*Philpot v. Alternet Media, Inc.*,
    No. 18-CV-04479-TSH, 2018 WL 6267876 (N.D. Cal. Nov. 30, 2018) ......................... 16

*Philpot v. Scene Entm't, LLC,*
    No. 18-9085, 2019 U.S. Dist. LEXIS 229653 (E.D. La. Apr. 3, 2019) ............................ 18

*Schiffer Publ'g, Ltd. v. Chronicle Books, LLC,*
    No. Civ.A. 03-4962, 2004 WL 2583817 (E.D. Pa. Nov. 12, 2004) .................................. 16

*Sprewell v. Golden State Warriors,*
    266 F.3d 979 (9th Cir. 2001) ...................................................................................... 7

*Stevens v. CoreLogic, Inc.,*
    194 F. Supp. 3d 1046 (S.D. Cal. 2016), *aff'd* 899 F.3d 666 (9th Cir. 2018) .................... 17

*Stevens v. Corelogic, Inc.,*
    899 F.3d 666 (9th Cir. 2018) .............................................................. 14, 15, 18

*UMG Recordings, Inc. v. Shelter Capital Partners LLC,*
    718 F.3d 1006 (9th Cir. 2013) ..................................................................................... 9

*VHT, Inc. v. Zillow Grp., Inc.,*
    918 F.3d 723 (9th Cir. 2019) ...................................................................................... 11

*Zagorsky-Beaudoin v. Rhino Entm't Co.,*
    No. CV-18-03031-PHX-JAT, 2019 WL 4259788 (D. Ariz. Sept. 9, 2019) .................... 10

## STATUTES

17 U.S.C. § 512(c) ........................................................................................................... 3

17 U.S.C. § 1202 ..................................................................................................... *passim*

17 U.S.C. § 1202(b) ................................................................................................ *passim*

17 U.S.C. § 1202(b)(1) ............................................................................................ *passim*

17 U.S.C. § 1202(b)(3) ................................................................................................. 14

17 U.S.C. § 1202(c) ..................................................................................................... 14

## RULES

Fed. R. Civ. P. 8(a)(2) .................................................................................................. 8

Fed. R. Civ. P. 12(b)(6) ................................................................................................ 1

### NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that on February 4, 2021, at 9:00 a.m. in Courtroom 4, 5th Floor, United States District Courthouse, 280 South 1st Street, San Jose, California, before the Honorable Edward J. Davila, Defendant Pinterest, Inc. ("Pinterest") will and hereby does move to dismiss Counts II and III in Plaintiff Blaine Harrington III's Complaint.

### STATEMENT OF REQUESTED RELIEF

Pursuant to Federal Rules of Civil Procedure 12(b)(6), Pinterest requests that the Court dismiss Counts II and III of the Complaint (for contributory copyright infringement and violation of 17 U.S.C. § 1202(b)).

### STATEMENT OF ISSUES TO BE DECIDED

1.      Whether Plaintiff's claim for contributory copyright infringement should be dismissed in light of Plaintiff's failure to plead any facts plausibly suggesting: (1) that Pinterest had knowledge of specific alleged instances of direct infringement of Plaintiff's copyrighted works; and (2) that Pinterest either (a) materially contributed to the alleged infringement by failing to take simple measures for removing infringing content, or (b) induced users to use its service for the purpose of promoting copyright infringement.

2.      Whether Plaintiff's claim for removal of "copyright management information" under 17 U.S.C. § 1202(b) should be dismissed in light of Plaintiff's failure to plead any facts plausibly suggesting the requisite *mens rea* for such a claim.

### MEMORANDUM OF POINTS AND AUTHORITIES

## I.      INTRODUCTION

Pinterest is a popular online service that allows users to save digital images and create virtual bulletin boards with those images. By enabling users to post, share, and browse content, Pinterest provides a way for people to discover new things and engage with the people who share similar interests.

Plaintiff Blaine Harrington III is a photographer and serial copyright litigant who challenges the alleged unauthorized display of certain of his photographs on Pinterest. His Complaint, which is substantively identical to a complaint that his counsel is simultaneously litigating before Judge Gilliam

in this District, asserts claims for direct and contributory copyright infringement and for removal of copyright management information ("CMI") in violation of Section 1202(b) of the Digital Millennium Copyright Act ("DMCA"). Because the deficiencies in Plaintiff's direct infringement claim require resort to facts that, while indisputable, go beyond those referenced in the Complaint, that count is not challenged in this motion. But it is plain from the face of the Complaint that Mr. Harrington does not adequately plead claims for contributory infringement or for violation of Section 1202(b).

To state a contributory copyright infringement claim, a plaintiff must allege facts establishing that the defendant had "actual knowledge of specific acts of infringement" by a third party. *Luvdatrs, LLC v. AT&T Mobility, LLC,* 710 F.3d 1068, 1072 (9th Cir. 2013). Here, however, Plaintiff nowhere alleges that Pinterest knew of any specific instance of alleged infringement of one of his photographs by a third party. That alone bars the claim. Further, to the extent Plaintiff's contributory infringement theory is that Pinterest materially contributed to some known, third-party infringement, Plaintiff does not identify any "simple measures" that Pinterest failed to use to prevent that infringement. *See Perfect 10, Inc. v. Giganews, Inc.,* 847 F.3d 657, 671 (9th Cir. 2017). And if Plaintiff is instead relying on the idea that Pinterest induced the third party's infringement, his claim is deficient for failure to allege any "clear expression or other affirmative steps taken to foster infringement." *MGM Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 919 (2005). Judge Gilliam threw out an indistinguishable contributory infringement claim asserted against Pinterest by Plaintiff's counsel in the similar action before him. *Davis v. Pinterest, Inc.*, No. 19-cv-07650-HSG, 2020 U.S. Dist. LEXIS 129657, at *6 (N.D. Cal. July 22, 2020). This Court should do the same.

Plaintiff's claim based on the alleged removal or alteration of CMI is also fatally flawed. A plaintiff asserting a claim under any of Section 1202(b)'s provisions regarding the removal of copyright management information must allege that the defendant removed or altered CMI from Plaintiff's works (or distributed copies of those works without CMI) "*knowing*" or "*having reasonable grounds to know*" that its actions would "induce, enable, facilitate, or conceal an infringement." 17 U.S.C. § 1202(b) (emphasis added). Beyond conclusory boilerplate, Plaintiff alleges nothing like that. Nor could he. His allegations challenge Pinterest's display of thumbnail images without CMI. But the thumbnails in question link directly back to full-sized images on

Pinterest where all associated CMI is presented, dispelling any suggestion that the thumbnails would somehow promote infringement or were intended to do so. Beyond that, to the extent any CMI is removed from the thumbnails, it is the result of an automated and unintentional process, which bars a claim under § 1202(b)(1). This too warrants dismissal of Plaintiff's CMI claim.

## II.    BACKGROUND

### A.    Pinterest's Online Service

Pinterest is a popular online service that allows its users to save (or "pin") digital images to virtual bulletin boards on Pinterest's service. Compl. ¶ 23; *see also Davis*, 2020 U.S. Dist. LEXIS 129657, at *1 (describing basic operation of Pinterest's service). Pinterest routinely receives acclaim from photographers for the powerful promotional outlet it provides for their work. *See, e.g.*, Kramer Decl. Ex. 1 at 2 ("If you are a photographer who is ignoring Pinterest, then you are missing out on what may be the best marketing opportunity on the internet for you."); Ex. 2 at 1 ("Pinterest has the potential to be an excellent resource for creative business owners who are looking to drive awareness, traffic, and sales or bookings on their website.").[1] Pinterest nonetheless realizes that users may sometimes share images through the service contrary to the wishes of copyright holders. In accordance with the safe harbor provisions of the DMCA, which shield online services from copyright claims arising from users' activities, Pinterest promptly responds to notices of alleged infringement from copyright holders and removes disputed content from its service. *See* 17 U.S.C. § 512(c) (detailing safe harbor and takedown request procedures).

### B.    Plaintiff and His Claims

Plaintiff Blaine Harrington III is a photographer and serial copyright litigant. He has filed more than fifty copyright actions in the past four years, many of which he later dismissed after

---

[1]    These articles are referenced only as background, and not as evidence, and the Court may judicially notice their existence. *See Opperman v. Path, Inc.*, 205 F. Supp. 3d 1064, 1070 n.5 (N.D. Cal. 2016) ("The Court 'may take judicial notice of publications introduced to indicate what was in the public realm at the time, not whether the contents of those articles were in fact true.'") (citation omitted).

failing to prosecute. *See, e.g.*, *Harrington v. Club Medisa Destination Mgmt. Corp.*, 2: 18-cv-07493, ECF No. 13 (C.D. Cal. Dec. 4, 2018) (voluntarily dismissing action in response to order to show cause why case should not be dismissed for lack of prosecution); *Harrington v. Lemonade LLC*, 1:20-cv-01100, ECF No. 14 (D. Colo. July 9, 2020) (same in response to order to show cause for failure to appear at hearing). Just last month, Mr. Harrington confessed judgment in a case charging him with deceptive and unfair business practices. Via the judgment, Mr. Harrington admitted the charge that he "placed his copyrighted images on various websites without noting ownership, then identified people who downloaded the images and demanded 'extortionate amounts' against them with a threat to file suit." Order on Plaintiff's Mot. re. Offer of Judgment at 1, *Mountain States Agency, LLC v. Harrington*, 1:20-cv-00041, ECF No. 41 (D.N.M. Sept. 23, 2020) (holding that Harrington's offer of judgment resolved all claims in the action).

Mr. Harrington brings this action based on the alleged appearance on Pinterest of what he claims are his copyrighted photographs. Mr. Harrington does not allege—nor could he—that Pinterest was responsible for posting the images on the service; rather, he contends that Pinterest users uploaded the images. But Mr. Harrington has not sued any Pinterest users. Rather, he charges Pinterest with direct and contributory copyright infringement arising from the users' activities. He also claims that Pinterest has intentionally removed copyright management information from his images in violation of Section 1202(b) of the DMCA, 17 U.S.C. § 1202(b). Compl. ¶¶ 102-26.

While Plaintiff's allegations are not entirely clear, it seems that the direct infringement claim challenges two aspects of Pinterest's operation. Compl. ¶¶ 102-10. First, Plaintiff takes issue with the alleged display of his copyrighted images alongside advertisements on "feeds," where a user is shown algorithmically selected collections of images "based on that user's boards, recent activity on Pinterest, and favorite topics." *Id.* ¶ 24; *see also id.* ¶¶ 28-38, 42. Second, Plaintiff claims that Pinterest has distributed his copyrighted images "directly to the user by email and/or through the Pinterest app." *Id.* ¶ 26; *see also id.* ¶¶ 46-47 & Image 7.[2]

---

[2] To the extent Plaintiff's direct infringement theory challenges emails Pinterest sends, it depends on a mistaken premise: that his images are actually copied or distributed via email. Instead,

(continued...)

Plaintiff's contributory infringement claim is based on the theory that Pinterest materially contributes to the alleged infringement of his works by users who either (1) upload those images to Pinterest without authorization, or (2) download Plaintiff's images after they have been uploaded by others. *Id.* ¶¶ 56-77. But Plaintiff nowhere alleges that Pinterest had knowledge of any particular instance of third-party infringement of Plaintiff's work on Pinterest's service. He certainly does not allege that he availed himself of the DMCA's takedown procedure to request removal of any content, or even that he notified Pinterest of any alleged infringement. According to Plaintiff, Pinterest should nevertheless be liable for contributing to users' infringement because Pinterest does not search the billions of images on its service for "indicia of copyright ownership." *Id.* ¶¶ 27, 68; *see also id.* ¶¶ 4, 5, 24 (referencing "billions" of images on Pinterest). Plaintiff also complains that Pinterest should require users who seek to download an image to "click[] a notice" acknowledging that images should not be infringed. *Id.* ¶ 68.

Finally, in support of his CMI claim under Section 1202(b), Plaintiff takes issue with Pinterest's display of thumbnail versions of images, which allegedly are presented without CMI. *Id.* ¶¶ 49-55. These thumbnails, appearing in users' feeds, are scaled-down versions of the larger images that appear on Pinterest's service. *Id.* ¶ 24. But, as the Complaint concedes, the thumbnails are directly connected—through hyperlinks—to the pages on Pinterest's service that host the corresponding full-sized version of the same image, and there is no dispute that those full-sized

---

the emails merely contain hyperlinks to the images as they exist on the Internet. Distribution of mere links in this fashion is not copyright infringement. *See eAdGear, Inc. v. Liu*, No. 11-CV-05398 JCS, 2012 WL 2367805, at *12 (N.D. Cal. June 21, 2012) ("[H]yperlinking alone does not constitute copyright infringement, since it does not involve any actual copying.") (collecting cases), *report and recommendation adopted by* 2012 WL 4005454 (N.D. Cal. Sept. 11, 2012). Beyond this dispositive flaw, Plaintiff's direct infringement claim is barred by the safe harbor provisions of the DMCA, by the volition doctrine, and by fair use principles. These issues, however, will require Pinterest to submit evidence regarding the operation of its service, and thus are not presented in this motion.

images include any CMI that the image carried. *Compare* Compl. ¶ 52 & Image 8 (showing one of Plaintiff's full-sized images with his CMI circled), *with id.* ¶ 53 & Image 9 (showing "that same image" displayed as a thumbnail on a feed).

Plaintiff purports to bring these claims not only on behalf of himself, but apparently on behalf of a nationwide class of supposedly similarly situated copyright holders.

**C.    Procedural History**

Though this action arrives on the docket as a newly filed complaint, it is actually the latest iteration of a case that Plaintiff's counsel has been pushing in a parallel action proceeding before Judge Gilliam: *Davis v. Pinterest, Inc.*, Case No. 4:19-cv-07650-HSG (N.D. Cal.) ("*Davis*"). Counsel filed that action on behalf of another photographer, Harold Davis, in November 2019, and asserted virtually identical claims for direct and contributory copyright infringement. *Davis*, ECF No. 1. When Pinterest moved to dismiss the contributory infringement claim, *Davis*, ECF No. 17, Mr. Davis opted to amend his complaint rather than oppose Pinterest's motion, *id.*, ECF No. 23. When Pinterest moved again, *id.* ECF No. 27, Judge Gilliam granted Pinterest's motion, and gave Mr. Davis leave to amend the contributory infringement claim on the express condition that he not add any new claims or defendants. *Id.* ECF No. 39. Ignoring the import of that order, Mr. Davis asked Judge Gilliam to transform his individual case into a class action and to add a brand new claim under Section 1202(b) for alleged removal of CMI. *Id.* ECF No. 41.

That same day, Plaintiff's counsel filed this case on behalf of Harrington. The complaint is virtually identical to the proposed Second Amended Complaint ("SAC") that counsel sought to file in *Davis*. *Compare* Davis ECF No. 41, *with* Compl. It even specifically references Mr. Davis and his works. Compl. ¶¶ 78-81.

At a hearing on August 25, 2020, Judge Gilliam rightly expressed skepticism that Plaintiff's counsel could properly maintain a class action against Pinterest for alleged copyright infringement in light of the myriad individualized issues associated with any one party's claim. *Davis*, ECF No.

47. Taking Judge Gilliam's hint, Plaintiffs' counsel dropped the class allegations from the proposed *Davis* complaint, and is proceeding on his individual claims there.[3]

Mr. Harrington and his counsel apparently hope that this Court will overlook the difficulties with classwide copyright litigation that Judge Gilliam called out. Regardless, the Complaint here suffers from the same pleading defects as the proposed SAC in *Davis*. It fails to address the deficiencies that Judge Gilliam identified in his order dismissing Mr. Davis's contributory infringement claim, and it does not come close to stating a claim based on supposed removal of copyright management information.

## III.    ARGUMENT

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Moreover, courts need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Caraccioli v. Facebook, Inc.*, 167 F. Supp. 3d 1056, 1063 (N.D. Cal. 2016) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 979 (9th Cir. 2001)); *Iqbal*, 556 U.S. at 678 ("Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" (alteration in original) (quoting *Twomb*ly, 550 U.S. at 557)). Courts are not "bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (citation omitted). Rather than a "formulaic recitation" of the elements of a claim, a plaintiff must assert "well-pleaded factual allegations" that "plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 678-79. "Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that

---

[3]    Following his comments about the individualized nature of copyright claims, Judge Gilliam declined to deem this case related to the *Davis* case. *Davis*, ECF No. 49.

the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)).

### A.    Count II Should Be Dismissed Because Plaintiff Does Not Allege a Plausible Claim of Contributory Infringement

A plaintiff asserting a claim for contributory copyright infringement must allege: (1) direct infringement by a third party; (2) the defendant's knowledge of that third party's direct infringement; and (3) that the defendant "either (a) materially contribute[d] to or (b) induce[d] that infringement." *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 670 (9th Cir. 2017) (quoting *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 794-95 (9th Cir. 2007)).

#### 1.    Plaintiff Fails to Plead that Pinterest Had Knowledge of Specific Instances of Alleged Infringement of His Photographs

The knowledge requirement for a contributory infringement claim against an online "computer system operator" is not easily satisfied. To state a claim, a plaintiff must allege that the defendant had "*actual* knowledge that *specific* infringing material is available using its system, and can take simple measures to prevent further damage to copyrighted works, yet continues to provide access to infringing works." *Giganews*, 847 F.3d at 671 (quoting *Perfect 10, Inc. v. Amazon.com*, 508 F.3d 1146, 1172 (9th Cir. 2007)). This standard requires more than pleading that an online service had "generalized knowledge . . . of the possibility of infringement." *Luvdarts, LLC v. AT&T Mobility, LLC*, 710 F.3d 1068, 1072 (9th Cir. 2013). Instead, as the Ninth Circuit has repeatedly held, the plaintiff must plead that the defendant had "*actual* knowledge of *specific* acts of infringement." *Id.* (emphasis added) (citation omitted); *see also A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1021 (9th Cir. 2001) ("[A]bsent any specific information which identifies infringing activity, a computer system operator cannot be liable for contributory infringement merely because the structure of the system allows for the exchange of copyrighted material."); *Davis*, 2020 U.S. Dist. LEXIS 129657, at *5 ("Material contribution '[i]n the online context' requires the defendant to have 'actual knowledge that specific infringing material is available using its system . . . .'" (quoting *Giganews*, 847 F.3d at 671)).

Here, Plaintiff fails to offer factual allegations showing that Pinterest had actual knowledge of any specific instance of supposed third-party infringement of his copyrighted works. Plaintiff vaguely claims Pinterests hosts "thousands" of infringements, but he only identifies a single instance of an alleged third-party infringement of his photographs on Pinterest. *See* Compl. ¶ 72 & Image 15. The Complaint does not even try to allege that Pinterest had actual knowledge of that lone specific instance. Indeed, Plaintiff does not allege that Pinterest was even aware of the appearance of this image on its service, much less that it knew that it was infringing. Further, Plaintiff does not allege that he notified Pinterest of any alleged infringement or that he took advantage of Pinterest's robust DMCA notice-and-takedown procedures to request removal of allegedly infringing material from the service. Plaintiff's "decision to forgo the DMCA notice protocol 'stripped it of the most powerful evidence of a service provider's knowledge—actual notice of infringement from the copyright holder.'" *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1020 (9th Cir. 2013) (quoting *Corbis Corp. v. Amazon.com, Inc*., 351 F. Supp. 2d 1090, 1107 (W.D. Wash. 2004)).[4]

Instead of the required allegations of actual knowledge of specific instances of infringement, Plaintiff offers only the conclusory allegations that "Pinterest is aware that its websites and app are used by third parties to infringe registered copyrights," Compl. ¶ 65, and that Pinterest "had knowledge of direct infringement by third parties of the federally registered works of Plaintiff," *id.* ¶ 113. But these boilerplate allegations are insufficient as a matter of law. In *Luvdarts*, the Ninth Circuit made clear that contributory liability does "not automatically follow where the 'system allows for the exchange of copyrighted material.'" 710 F.3d at 1072 (quoting *Napster*, 239 F.3d at 1021). Thus, the court affirmed dismissal of the contributory infringement claim because the plaintiff offered only "conclusory allegations" regarding the defendant's knowledge. *Id.* Likewise, in *Davis*, Judge Gilliam, when confronted with materially identical allegations to those made here, dismissed the contributory infringement claim against Pinterest, explaining that, among other things,

---

[4]  Plaintiff oddly alleges that he notified *other websites* of instances of alleged infringement of his work. Compl. ¶¶ 71, 74. But he offers no explanation for why he failed to notify Pinterest.

Plaintiff "has not alleged that Defendant had actual knowledge of specific third-party infringement." *Davis*, 2020 U.S. Dist. LEXIS 129657, at *6; *see also, e.g.*, *Epikhin v. Game Insight N. Am.*, No. 14-CV-04383-LHK, 2015 WL 2412357, at *4 (N.D. Cal. May 20, 2015) (dismissing contributory infringement claim where plaintiff failed to plead "any facts in support of the threadbare assertion that [defendant] 'had knowledge of the infringing acts relating to Plaintiffs' copyrighted works'" (citation omitted)); *Nat'l Photo Grp., LLC v. Allvoices, Inc.*, No. C-13-03627 JSC, 2014 WL 280391, at *6 (N.D. Cal. Jan. 24, 2014) (same where plaintiff failed to allege "facts plausibly suggesting that Defendant was on any notice, constructive or otherwise, of the infringing photographs on its website"); *Muench Photography, Inc. v. Pearson Educ., Inc.*, No. 13-cv-03937-WHO, 2013 WL 6172953, at *6 (N.D. Cal. Nov. 25, 2013) (same); *Zagorsky-Beaudoin v. Rhino Entm't Co.*, No. CV-18-03031-PHX-JAT, 2019 WL 4259788, at *9 (D. Ariz. Sept. 9, 2019) (same). The same result is warranted here.

### 2.   Plaintiff Fails to Plead that Pinterest Eschewed "Simple Measures" for Finding and Removing Alleged Infringements of Plaintiff's Photographs

While Plaintiffs' failure to allege actual knowledge of specific infringements should end the inquiry, there is an additional problem with Plaintiff's contributory infringement claim: Plaintiff fails to allege that Pinterest "materially contributed" to the underlying instance of direct infringement that it supposedly knew of. To establish material contribution in "the online context," a plaintiff must allege facts sufficient to show that the defendant can take "simple measures" to prevent known instances of infringement, yet "continues to provide access" to the infringed works. *Giganews*, 847 F.3d at 671 (quoting *Amazon.com*, 508 F.3d at 1172). Nothing like that is alleged here.

The only allegations conceivably directed toward a material-contribution theory are that Pinterest: (1) does not screen or search user-uploaded content for "indicia of copyright ownership," Compl. ¶ 27; *see also id.* ¶ 68 (Pinterest "could easily search Pins for CMI"); and (2) should prevent users from downloading or embedding images from the service without first "click[ing] a notice or otherwise acknowledg[ing]" that images may only be copied for "personal, non-commercial, or educational purposes," *id.* ¶ 68. As a matter of law, neither constitutes a "simple measure" that

1    creates a basis for a claim of contributory infringement. In fact, these were the very same allegations

2    the plaintiff in *Davis* offered (through the same counsel). There too, the allegation was that Pinterest

3    provided mechanisms that enable users to copy pinned images and failed to "'screen[] for . . . indicia

4    of copyright,'" 2020 U.S. Dist. LEXIS 129657, at *1 (quoting *Davis* Complaint). Judge Gilliam

5    properly rejected these allegations as insufficient. *Id.* at *6 (dismissing for failure to allege, *inter*

6    *alia*, "what 'simple measures' [Pinterest] should have taken to prevent [third-party] infringement").

7        Judge Gilliam's holding followed established Ninth Circuit law, which makes clear that

8    "simple measures" must be "'reasonable and feasible means' of 'prevent[ing] further damage to [the

9    plaintiff's] copyrighted works.'" *Giganews*, 847 F.3d at 672 (quoting *Amazon*, 508 F.3d at 1172).

10   Searching for and screening billions of images for vague "indicia of copyright ownership" would

11   be an immensely burdensome task, not a "reasonable and feasible means" of preventing

12   infringement of Plaintiff's works. The proposal Plaintiff proffers is, on its face, "onerous and

13   unreasonably complicated." *Id.* at 671-72.

14       As the Ninth Circuit's decision in *Giganews* confirms, Plaintiff's suggestion does not even

15   clear the "feasibility" hurdle. There, the plaintiff submitted generalized takedown demands to

16   Giganews' online platform, but failed to provide machine-readable information identifying its

17   photographs. *Id.* The Ninth Circuit held that, absent such machine-readable information, Giganews

18   was not able to take "simple measures" to remove the plaintiff's images. *Id.* at 672.

19       This case is even easier. In contrast to the plaintiff in *Giganews* who at least sent generalized

20   takedown requests*,* the Plaintiff here does not allege that he made *any* attempt—whether via

21   Pinterest's notice-and-takedown procedures or otherwise—to alert Pinterest to the allegedly

22   unauthorized presence of his work on Pinterest. Given that, no amount of screening of images would

23   make any difference. Even if Pinterest had been screening billions of images, and even if that was

24   a "simple measure," it would not know what to be looking for. Absent notice of the unauthorized

25   nature of a given image, Pinterest simply has no feasible way of screening for it. *Accord VHT, Inc.*

26   *v. Zillow Grp., Inc.*, 918 F.3d 723, 745 (9th Cir. 2019) (explaining that, absent URLs identifying

27   specific infringing images, the defendant "did not have appropriately 'specific' information

28   necessary to take 'simple measures' to remedy the violation"); *cf. Perfect 10, Inc. v. Google, Inc.*,

No. CV 04-9484 AHM (SHx), 2010 WL 9479060, at *7 (C.D. Cal. July 30, 2010) (rejecting contributory infringement claim where plaintiff's proposed "simple measures" would "run the risk of being dramatically overinclusive because neither [could] identify images that are properly licensed or fair use as opposed to infringing").

Equally unavailing is Plaintiff's apparent theory that Pinterest materially contributed to third-party infringement by not requiring its users to acknowledge that individual images may only be downloaded or embedded for "personal, non-commercial, or educational purposes." Compl. ¶ 68. No case has ever held or even suggested that such a notice could qualify as a "simple measure" or that an online platform's failure to use such a notice creates a basis for contributory infringement liability. That is not surprising, as such a notice certainly would not "prevent" further harm from some known instance of copyright infringement as the Ninth Circuit requires. *See Giganews*, 847 F.3d at 671. Beyond that, the notice that Plaintiff demands misstates basic precepts of copyright law, ignoring the fact that not all images are even protected under copyright, that copyrighted images may be used with authorization, express or implied, from the copyright holder, and that fair use extends beyond use for "personal, non-commercial, or educational purposes." *See, e.g.*, *Miller v. Pixar Animation Studios*, No. C 02-04748 JW, 2005 U.S. Dist. LEXIS 59905, at *14 (N.D. Cal. May 2, 2005) (works in public domain not protected under copyright law); *Authors Guild v. Google, Inc.*, 804 F.3d 202, 225 (2d Cir. 2015)  (fair use does not infringe copyright); *ExperExchange, Inc. v. Doculex, Inc.*, No. C-08-03875 JCS, 2009 WL 3837275, at *23 (N.D. Cal. Nov. 16, 2009) (the existence of an implied license is a defense to a claim of copyright infringement). It cannot possibly be a "material contribution" to infringement for Pinterest to fail to display to users a notice embodying an incorrect statement of copyright law.

Finally, insofar as Plaintiff seeks to base his contributory infringement claim on a theory of inducement, his allegations do not satisfy the requirement of showing that Pinterest "provid[es] a service 'with the object of promoting its use to infringe copyright.'" *Visa*, 494 F.3d at 801-02 (affirming dismissal of inducement claim where the allegations did not "constitute a 'clear expression' of a specific intent to foster infringement"); *accord Cobbler Nev., LLC v. Gonzales*, 901 F.3d 1142, 1148 (9th Cir. 2018) (same, where plaintiff's "complaint lacks any allegations that

[defendant] "actively encouraged (or induced) infringement through specific acts"). Instead, Plaintiff's allegations—as discussed above—are merely that Pinterest supposedly fails to take certain affirmative steps to prevent infringement. In *Cobbler Nevada*, the Ninth Circuit expressly held that such allegations fail to state a viable claim of inducement: "[Defendant's] only action was his failure to secure, police and protect the connection. Because a failure to take affirmative steps to prevent infringement alone cannot trigger liability, Cobbler Nevada failed to state a claim to relief that is plausible on its face." 901 F.3d at 1148-49 (internal citations and quotation marks omitted); *see also, e.g.*, *Davis*, 2020 U.S. Dist. LEXIS 129657, at *6 (dismissing inducement claim for failure to allege "what 'clear expression or other affirmative steps' [Pinterest] has taken to induce or foster infringement"); *ALS Scan, Inc. v. Cloudflare, Inc.*, No. CV 16-5051-GW (AFMx), 2017 WL 1520444, at *6 (C.D. Cal. Feb. 16, 2017) (same where plaintiff failed to allege "that [defendant] provides its services for the purpose of promoting copyright infringement, or that it has directly encouraged [third-party website] to display infringing content on its website"); *Ledesma v. Corral*, No. 2:15-cv-04266-ODW-GJS, 2016 WL 827743, at *3 (C.D. Cal. Mar. 2, 2016) (same where allegations did "not permit the Court to find anything other than a speculative right to relief"); *Nat'l Photo Grp.*, 2014 WL 280391, at *7 (same where plaintiff "fail[ed] to explain why the ability to use social media to share news stories featuring the allegedly infringing photos—in other words, 'ordinary acts incident to' Defendant's operation of its website—constitutes an improper object" (quoting *Grokster*, 545 U.S. at 937)).

*        *        *

In sum, there are no plausible allegations that Pinterest had actual knowledge of any specific acts of infringement, that it failed to take simple measures to prevent the alleged infringement of Plaintiff's works, or that Pinterest provides its service with the object of promoting its use to infringe copyright. Each of these failures warrants dismissal of Plaintiff's contributory infringement claim.

**B.      Count III Should Be Dismissed Because Plaintiff Does Not Allege a Plausible Claim Under 17 U.S.C. Section 1202(b)**

Count III offers a claim under Section 1202(b) of the DMCA. That statute contains two conceivably relevant provisions: a prohibition on "intentionally" removing or altering copyright

management information, 17 U.S.C. § 1202(b)(1), and a prohibition on distributing copies of works knowing that CMI associated with them had been impermissibly removed or altered. *Id.* § 1202(b)(3).[5] Plaintiff fails to state a claim under either provision.

### 1.  Plaintiff Fails to Allege Pinterest "Knew" or "Should Have Known" that Its Display of Thumbnail Images Would Aid Copyright Infringement

Any claim under Section 1202(b) has a strict scienter requirement: the defendant must act "knowing" or "having reasonable grounds to know" that its actions regarding CMI "will induce, enable, facilitate, or conceal an infringement." 17 U.S.C. § 1202(b). The Ninth Circuit has made clear that this requires allegations that show more than "the universal possibility of encouraging infringement; specific allegations as to how identifiable infringements 'will' be affected are necessary." *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 674 (9th Cir. 2018). Thus, the plaintiff charging a CMI violation "must make an *affirmative showing*, such as by demonstrating a past 'pattern of conduct' or 'modus operandi,' that the defendant was aware or had reasonable grounds to be aware of the probable future impact of its actions." *Id.* (emphasis added).

Plaintiff's complaint offers nothing like that. His CMI claim attacks Pinterest's display of thumbnail images (i.e., smaller and/or reduced quality images) appearing on its service as pointers. The thumbnails link directly to full-size copies of the same images on Pinterest. Plaintiff's theory seems to be that while the full-size images are displayed carrying CMI (or carrying whatever Plaintiff claims constitutes CMI), Pinterest violates Section 1202(b) by displaying the thumbnails without CMI, despite the direct link from the thumbnails to the full-sized images. Compl. ¶¶ 52-53 & Images 8-9. Notably, the Complaint is silent on the required showing of Pinterest's knowledge that copyright infringement would result from the display of thumbnails, apparently on the assumption that knowledge can be inferred merely from the absence of CMI on them. *See id.* ¶¶ 49-55 & Image 8 (alleging that underlying full-sized image contains CMI); ¶¶ 119-26.

---

[5]  Section 1202 defines "copyright management information" as "information conveyed in connection with copies . . . or displays of a work," including "[t]he title and other information identifying the work." 17 U.S.C. § 1202(c).

Plaintiff's allegations do not satisfy Section 1202(b)'s scienter requirement. The Complaint's only gesture toward the possible future impact of Pinterest's supposed removal of CMI is the allegation that, when CMI is removed from images, "Plaintiff and other registered copyright holders are hindered in their efforts to police the misuse of their federally registered images on Pinterest and elsewhere on the Internet." Compl. ¶ 77. In *Stevens*, the Ninth Circuit squarely rejected a virtually identical theory, explaining that to proceed with a claim under Section 1202, a plaintiff "must offer more than a bare assertion that 'when CMI metadata is removed, copyright infringement plaintiffs . . . lose an important method of identifying a photo as infringing.'" 899 F.3d at 675. So too here. Plaintiff has failed to plead any facts suggesting that "future infringement is likely" to occur as a result of Pinterest's display of thumbnails absent CMI, let alone that Pinterest "knew" or "should have known" that. *Id.*

Plaintiff's problems run deeper still. The same thumbnail theory that Plaintiff offers as the centerpiece of his CMI claim has already been considered and rejected in this Circuit. In *Kelly v. Arriba Soft Corporation*, the court held as a matter of law that the defendant—a "visual search engine"—did not have "'reasonable grounds to know' it would cause its users to infringe Plaintiff's copyrights" by making thumbnail images of plaintiff's photos available without CMI. 77 F. Supp. 2d 1116, 1122 (C.D. Cal. 1999), *aff'd in part, rev'd in part*, 280 F.3d 934 (9th Cir. 2002), *opinion withdrawn and superseded on denial of reh'g and aff'd in part, rev'd in part*, 336 F.3d 811 (9th Cir. 2003). That was because, as the court recognized, users of the defendant's search engine "could obtain a full-sized version of a thumbnailed image by clicking on the thumbnail . . . where any associated [CMI] would be available, [along with] an opportunity to link there." *Id.*

*Kelly* confirms the failure of any CMI claim here. The fact that the thumbnail images on Pinterest are directly connected, via a hyperlink, to full-sized versions that carry any associated CMI refutes any suggestion that Pinterest knew or had reason to know that the thumbnails would induce, enable, facilitate, or conceal infringement. Pinterest would have no reason to imagine it was facilitating or concealing infringement by displaying thumbnails a mere click from the CMI alleged to have been "removed."

This case actually presents a stronger case even than *Kelly* for rejecting a CMI claim. While the search engine in *Kelly* merely linked to third-party websites where any associated CMI was available, the thumbnail images on Pinterest link back to full-sized images **on the Pinterest service itself**, where—as Plaintiff acknowledges—any associated CMI is available. *Compare* Compl. ¶ 52 & Image 8 (showing one of Plaintiff's full-sized images with alleged CMI circled), *with id.* ¶ 53 & Image 9 (showing "that same image" displayed as a thumbnail on the home feed). That is, Pinterest was itself retaining any CMI on its own site, further dispelling any notion of future infringement, much less knowing facilitation of infringement. As a matter of law, Pinterest's undisputed display of any CMI associated with user-supplied images defeats any claim that Pinterest acted with the scienter required by Section 1202(b). *Kelly*, 77 F. Supp. 2d at 1122; *see also Philpot v. Alternet Media, Inc.*, No. 18-CV-04479-TSH, 2018 WL 6267876, at *5 (N.D. Cal. Nov. 30, 2018) (dismissing § 1202(b) claim where plaintiff "fail[ed] to plead any facts showing that [defendant] had the required mental state").[6]

---

[6]    *Kelly* identifies another problem with Plaintiff's 1202(b)(1) claim. In rejecting a § 1202(b)(1) claim where the CMI at issue appeared "in the surrounding text," the *Kelly* court held that the statute "applies only to the removal of [CMI] on a plaintiff's product or original work." *Kelly*, 77 F. Supp. 2d at 1122. That is, to allege improper removal or alteration of CMI under Section 1202(b)(1), a plaintiff must show that the defendant "removed or altered [CMI] from the body of or the actual work itself." *Mills v. Netflix, Inc.*, No. CV 19-7618-CBM-(AGRx), 2020 WL 548558, at *3-4 (C.D. Cal. Feb. 3, 2020); *but cf. Schiffer Publ'g, Ltd. v. Chronicle Books, LLC*, No. Civ.A. 03-4962, 2004 WL 2583817, at *14 (E.D. Pa. Nov. 12, 2004) (holding that CMI must be removed from "the 'body' of, or 'area around,' plaintiff's work itself"). Here, Plaintiff does not point to any CMI that appears in or on his images. *See* Compl. Ex. A (showing that the alleged images do not themselves display any visible CMI). The only alleged CMI that Plaintiff identifies, his name and the titles of his photographs, are separate from the images themselves. Given that, Pinterest could not have "removed or altered [CMI] from the body of or the actual work itself." For this reason too,

(continued...)

In an apparent attempt to evade *Kelly*, Plaintiff vaguely alleges that certain unidentified pinned images are "static" and do "not link back to any live website." Compl. ¶¶ 50, 55. But that is inconsistent with other allegations that the thumbnail images on Pinterest do link back to a live website, Pinterest's own, where the underlying full-size images are presented. *Id.* ¶¶ 52-53. And Plaintiff concedes that those full-sized images have any CMI that was included with them when users pinned them to the service. *Id.* ¶ 52 & Image 8.

Beyond that, it is obvious from the Complaint that the full-sized images of Plaintiff's works link back to the third-party websites from which users posted the images in the first place. *See, e.g.,* *id.* ¶ 33 & Image 4 (showing link from full-sized image to Plaintiff's website, blaineharrington.photoshelter.com), ¶ 36 & Image 5 (same), ¶ 52 & Image 8 (same). Notably, Plaintiff does not allege that *any* of his "thousands" of works on Pinterest have actually appeared as a "static" image without CMI, let alone that the same image was uploaded to Pinterest with CMI. *See id.* ¶¶ 55, 75. Thus, his mention of "static" images is beside the point.

### 2.    Plaintiff Fails to Allege Pinterest Intentionally Removed or Altered CMI In Violation of Section 1202(b)(1)

Any claim under Section 1202(b)(1), regarding the removal of CMI, fails for a reason beyond the absence of the requisite intent to foment copyright infringement. That section of the statute requires a Plaintiff also to plead that a defendant "*intentionall*y" removed or altered CMI associated with a copyrighted work. 17 U.S.C. § 1202(b)(1) (emphasis added). Here, the only CMI that Plaintiff identifies appears in the title of an image that a user has posted or pinned to Pinterest's service. *See* Compl. ¶ 52 & Image 8. Plaintiff notes the title is not displayed with thumbnails, and infers that Pinterest intentionally removed it. Compl. ¶¶ 52-53 & Images 8-9; *see also id.* ¶¶ 59-60 & Images 10-11. But the Complaint acknowledges that any removal or alteration of CMI from thumbnails was the byproduct of an automated formatting process. *See* Compl. ¶ 35 (alleging that "Pinterest's artificial intelligence displays [thumbnailed] images" in user feeds); *see also id.* ¶ 6

---

Plaintiff's Section 1202(b)(1) claim should fail. *Mills*, 2020 WL 548558, at *3-4 (dismissing § 1202(b) claim).

(alleging Pinterest uses "artificial intelligence"); ¶ 41 (same). The law is clear that such automated processes are not "intentional" within the meaning of the statute. *See Stevens v. CoreLogic, Inc.*, 194 F. Supp. 3d 1046, 1052 (S.D. Cal. 2016) (no intentional removal of CMI where it was "an unintended side effect of the fact that the software platform was based on a library that failed to retain metadata by default"), *aff'd* 899 F.3d 666 (9th Cir. 2018); *Kelly*, 77 F. Supp. 2d at 1122 (no intentional removal of CMI where it was "merely an unintended side effect of the [web] crawler's operation"); *cf. Philpot v. Scene Entm't, LLC*, No. 18-9085, 2019 U.S. Dist. LEXIS 229653, at *4-5 (E.D. La. Apr. 3, 2019) (finding allegation that defendant removed metadata insufficient absent allegations that it did so intentionally) (citing *Stevens*, 899 F.3d at 672). For this reason as well, a Section 1202(b)(1) claim for intentional removal of CMI cannot proceed.

## IV.    CONCLUSION

Pinterest respectfully requests that the Court dismiss Counts II and III of Plaintiff's Complaint.

Respectfully submitted,

Dated: October 27, 2020

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:    */s/ David H. Kramer*
        David H. Kramer
        dkramer@wsgr.com

*Attorneys for Defendant*
PINTEREST, INC.