UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD DAVIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PINTEREST, INC.,<br><br>　　　　Defendant. | Case No. 19-cv-07650-HSG<br><br>**ORDER DENYING MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>Re: Dkt. Nos. 41, 52 |

Pending before the Court is Plaintiff Harold Davis's motion for leave to amend the complaint. *See* Dkt. Nos. 41, 52. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **DENIES** the motion.

## I.   BACKGROUND

### A.   Factual Background

Plaintiff is a digital artist and professional photographer. *See* Dkt. No. 23 ("FAC") at ¶ 1. Defendant Pinterest, Inc. is an online platform that allows users to create their own virtual "pinboards" or "boards," by "pinning" images to their boards. *See id.* at ¶ 14. These images may be captured by Defendant's users, or may be copied from other sources on the internet. *See id.* According to Plaintiff, Defendant "employs no system of screening for copyrighted images, copyright notices, or other indicia of copyright for images upload by Pinterest users, or saved by Pinterest users to Pinterest Boards." *See id.* at ¶ 25. As such, Plaintiff alleges that Defendant "provides a mechanism for people to easily and swiftly violate the intellectual property rights of others," including photographers like Plaintiff. *See id.* at ¶ 17. Plaintiff alleges that Defendant "copied, posted, and distributed" several of Plaintiff's copyrighted photographs. *See id.* at ¶¶ 27–

1  306.  Based on these facts, Plaintiff filed a complaint for both direct and contributory copyright

2  infringement.  *See id.* at ¶¶ 323–332.

### B. Procedural History

Plaintiff filed his initial complaint on November 20, 2019.  *See* Dkt. No. 1.  Defendant subsequently moved to dismiss Plaintiff's contributory infringement claim.  *See* Dkt. No. 17.  Rather than file an opposition or statement of non-opposition to the motion, *see* Civil L.R. 7-3(b), Plaintiff filed an amended complaint on March 11, 2020.  *See* FAC.  Defendant again moved to dismiss the contributory infringement claim.  *See* Dkt. No. 27.  On July 22, 2020, the Court granted the motion to dismiss with leave to amend.  *See* Dkt. No. 39.  The Court directed Plaintiff to file an amended complaint, if he could do so consistent with his Rule 11 obligations, by August 14, 2020.  *Id.* at 5.  The Court further cautioned Plaintiff that he could not add additional defendants or new claims.  *See id.*

Despite the Court's prior directive, Plaintiff filed a motion for leave to add a new claim to his complaint, a violation of the Digital Millennial Copyright Act (the "DMCA"), 17 U.S.C. § 1202(b), and to bring the action on behalf of a putative class.  Dkt. No. 41.  That same day, Plaintiff's counsel filed another action against Defendant in this district.  *See Harrington III v. Pinterest, Inc.*, No. 4:20-cv-05290-EJD (N.D. Cal.).  The complaint in *Harrington* is a putative class action and includes allegations about Plaintiff Harold Davis's works and also includes a DMCA claim.

Rather than adhere to the briefing schedule on the motion for leave, the parties filed a notice of related case, and agreed that the case should be related to *Harrington*.  *See* Dkt. No. 42.  The Court held a telephonic conference to discuss the pending motions.  *See* Dkt. No. 47.  The Court expressed concern with Plaintiff's apparent gamesmanship:  filing a new, expanded action in this district, then seeking to relate the two cases, which could circumvent the Court's prior order not to add additional defendants or causes of action.  The Court indicated that it would first address the motion for leave to amend the complaint before addressing whether *Harrington* is related.  The Court directed the parties to meet and confer and set an expedited briefing schedule on the motion for leave.  *See id.*

2

1  The parties met and conferred, and Plaintiff decided that he would no longer seek to amend his complaint to bring this action on behalf of a putative class. *See* Dkt. No. 50. Plaintiff therefore filed an amended motion for leave to file an amended complaint. *See* Dkt. No. 52. He now seeks only to add the new DMCA claim. *Id.*

## II. LEGAL STANDARD

A party seeking to file a second or successive amendment "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). Under Federal Rule of Procedure 15(a)(2), "leave to amend shall be freely granted 'when justice so requires.'" *See Townsend v. Univ. of Alaska*, 543 F.3d 478, 485 (9th Cir. 2008) (quoting Fed. R. Civ. P. 15(a)(2)). Despite the liberality with which Rule 15(a) is applied, the Court may exercise its discretion to deny leave to amend due to factors such as (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) previous amendments. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Wash. State Republican Party v. Wash. State Grange*, 676 F.3d 784, 797 (9th Cir. 2012) (same).

## III. DISCUSSION

Plaintiff urges that he should be permitted to add a DMCA claim to his second amended complaint because the claim is "viable," and Defendant would not be prejudiced because the case schedule has not yet been set. *See* Dkt. No. 52 at 3. The Court is not persuaded. Although Plaintiff suggests that the motion should be granted "based on newly developed facts," *see id.* at 1, he does not identify any such facts. Critically, Plaintiff failed to provide any reasonable justification for not bringing this claim in his initial complaint or first amended complaint. The Court finds that Plaintiff has had ample opportunity to allege a DMCA claim, and to do so now would cause undue delay. This case was initially filed almost a year ago, and since then the parties have engaged in two rounds of motions practice to finalize the pleadings. The Court declines to permit Plaintiff to further delay this action by amending the complaint to add a new cause of action, which would no doubt prompt another motion to dismiss. Indeed, the parties preview such a motion in their briefing on the motion for leave to amend. *See* Dkt. Nos. 53, 54.

//

## IV. CONCLUSION

Accordingly, the Court **DENIES** the amended motion to amend the complaint. Dkt. No. 52. Plaintiff's prior motion to amend is **TERMINATED AS MOOT**. Dkt. No. 41. To the extent Plaintiff seeks to file an amended complaint to address the deficiencies the Court identified in its prior order, Dkt. No. 39, and consistent with this order, Plaintiff may do so by November 13, 2020. The Court **SETS** a telephonic case management conference for November 24, 2020, at 2:00 p.m. The parties shall file a joint case management statements by November 17, 2020. The parties should be prepared to discuss the schedule to move this case forward expeditiously. All counsel as well as members of the public and press may use the following dial-in information below to access the conference line:

**Dial In:** 888-808-6929

**Access Code:** 6064255

Lastly, in light of this order, the Court finds, pursuant to Civil L.R. 3-12, that this action is not related to *Harrington*, No. 4:20-cv-05290-EJD (N.D. Cal.). The Clerk is directed to file a copy of this order in *Harrington*.

**IT IS SO ORDERED.**

Dated: 10/29/2020

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge