# EXHIBIT A

1  DAVID H. KRAMER, State Bar No. 168452
   WILSON SONSINI GOODRICH & ROSATI
2  Professional Corporation
   650 Page Mill Road
3  Palo Alto, CA 94304-1050
   Telephone: (650) 493-9300
4  Facsimile: (650) 565-5100
   Email: dkramer@wsgr.com
5
   Attorneys for Defendant
6  PINTEREST, INC.

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                          SAN JOSE DIVISION

11

12 HAROLD DAVIS,                    )   CASE NO.: 4:19-cv-07650-HSG
                                    )
13         Plaintiff,               )   **DECLARATION OF HENRY LIEN IN
                                    )   SUPPORT OF PLAINTIFF'S MOTION TO
14     v.                           )   SEAL CONFIDENTIAL INFORMATION**
                                    )
15 PINTEREST, INC.,                 )
                                    )   The Honorable Haywood S. Gilliam, Jr.
16                                  )
           Defendant.               )
17                                  )
                                    )
18                                  )
                                    )
19                                  )
                                    )
20

21

22

23

24

25

26

27

28

LIEN DECLARATION ISO PINTEREST'S                              CASE NO.: 4:19-CV-07650-HSG
ADMIN. MOTION FOR SEAL

I, Henry Lien, declare:

1. I am an Assistant General Counsel of Intellectual Property and Content for Defendant Pinterest, Inc. ("Pinterest" or the "Company"). Pursuant to Local Rules 79-5(c)(1)-(2) and ll(f)(3), I submit this Declaration in Support of Plaintiff's Administrative Motion to Seal Confidential

2. I make each of the following statements based on my personal knowledge, and if called as a witness, I could and would testify competently to the truth of each of them.

3. Plaintiff filed an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (the "Sealing Motion") concurrently with its Motion for Partial Summary Judgment (the "MPSJ") *See* ECF 154; ECF 160. Certain sections of the MPSJ and its exhibits were redacted on the ground that Pinterest had designated the information in them under the Protective Order in this matter (ECF 70). *See* ECF 154 at 1:10-2:11; 2:15-3:20; 3:23-4:1.[1] This declaration respectfully requests that the Court seal more limited portions of the supporting exhibits to the Declaration of Charles Moore in support of the MPSJ ("Moore Declaration").

**Personally Identifiable Information**

4. Compelling reasons exist to seal very limited portions of Exhibits 2 and 3 that contain personally identifiable information of current and former employees of Pinterest. Specifically, Pinterest seeks to seal Exhibit 2 at 81:7-13 and Exhibit 3 at 17:25. This request is narrow, covering only the names of these individuals. Pinterest seeks to seal this personal information in consideration of the privacy interests of its employees and to protect them from unwanted contact from third parties. This information does not bear on Plaintiff's motion for partial summary judgment, and the public should have no interest in it.

---

[1] Plaintiffs did not properly redact the MPSJ. While certain passages were blacked out, the underlying text remained searchable and could be copy/pasted from the document. After Pinterest called this to Plaintiff's attention, Plaintiff sought leave to refile claiming Pinterest had found a way to "circumvent" his redactions. ECF 162. Plaintiff's failure in the redaction process was not some circumvention tactic Pinterest devised, but rather a mistake by Plaintiff that this Court expressly cautions counsel to avoid. *See* https://cand.uscourts.gov/cases-e-filing/cm-ecf/preparing-my-filing/redaction-of-information/.

**Documents Not Cited in Plaintiff's Brief**

5.  Pinterest submits that compelling reasons exist to seal portions of Exhibit 21 to the Moore Declaration, PINTEREST 0000894-1066. First, Exhibit 21 is not a true and correct copy of a single document entitled "Suspended accounts, removed Pin issues & other questions" as Plaintiff suggests. Rather, it is a compilation of several separate company-internal and confidential slide decks containing Pinterest's copyright training materials, which Plaintiff has apparently combined into one large exhibit. Plaintiff cites only to a single page of the 173 page document, Bates No. PINTEREST 00001003. These documents contain detailed descriptions of Pinterest's internal, proprietary policies and practices with regard to the DMCA. Disclosure of this information could harm Pinterest competitively, by giving competitors the chance to benefit from the policies it has invested time and money into developing. It could also damage the business by enabling people who wish to target others on Pinterest to exploit their knowledge of Pinterest's DMCA policies to effect improper takedowns. Because the rest of this Plaintiff-created document PINTEREST 0000894-1002 to PINTEREST 0001004-1066 is not referenced in the MPSJ, Pinterest asks that all pages except Bates No. PINTEREST 00001003 remain sealed.

6.  In the event that the Court chooses not to seal Exhibit 21 to the Moore Declaration from Bates Nos. PINTEREST 0000894-1002 to PINTEREST 0001004-1066, Pinterest respectfully requests that the Court seal: (1) Personally Identifiable Information (PII) found on the following pages of Exhibit 21: PINTEREST 0000897, 898-901, 903, 925, 927, 930, 932, 936, 938, 940, 942, 950-951, 961, 963, 965, 970, 972, 975, 977, 982-983, 989, 994, 996, 998, 999, 1000, 1001, 1005, 1016, 1019-1022, and 1025-1026, 1036, 1057; and (2) confidential internal documents regarding Pinterest's internal copyright-related policies and procedures found on the following pages of Exhibit 21: PINTEREST 0000929, 931, 933-935, 937, 939, 941, 945, 948, 950-51, 953-955, 959, 962, 991-992, 995, 997-998, 1006-1009, 1019, 1020, 1023, 1024-1027, 1031, 1033, 1035, 1038, 1039-1041, 1045, 1046, 1048, 1050, 1053, 1054, 1052, 1054-1065.

7. As to the PII, the request is narrow, covering names, email addresses, and in certain cases address information of Pinterest's employees and users. This information should be sealed for the reasons stated in paragraph 3.[2]

8. As to the confidential documents, these include slides taken directly from Pinterest's internal training materials, including screenshots of tools used to effect DMCA takedowns and detailed explanations of how Pinterest manages the DMCA counternotice process. Pinterest believes that the disclosure of this information has the potential to lead to third party abuse, the unjustified removal of user generated content from the service, and/or to create undue burden, delay, and risk for Pinterest's copyright operations team. For example, if this information were revealed, it might assist ill-intentioned parties in improperly affecting the removal of content or the termination of users they dislike. Not only would such behavior harm the targeted users, but it would also harm Pinterest's relationship with them and impose additional administrative costs on Pinterest.

9. These documents also include internal memoranda, including explanations of policies, that reflect back-end, non-public practices that Pinterest has adopted over the course of many years to arrive at what it believes to be the most effective and efficient method for copyright management on a service that contains an unprecedented quantity of user generated content. Pinterest's practices were developed with considerable effort, cost, and personnel hours. Allowing other parties--specifically, Pinterest's competitors--to learn how Pinterest has modeled the technical and legal aspects of its business would give those parties a competitive edge, *i.e.* the benefits of Pinterests efforts, without requiring them to invest the same time and resources developing their own practices and policies on data retention. For these reasons, Pinterest believes this information should remain under seal.

---

[2] Because many of the slides in Exhibit 21 contain multiple pieces of PII in close proximity, Pinterest has proposed limited field redactions, versus line-by-line redactions, to cover all of the PII sought to be sealed.

**Documents Reflecting Proprietary Details about Pinterest's User Notifications System**

10. Compelling reasons exist to seal Exhibit 12 to the Moore Declaration. Exhibit 12 is an internal company document which contains confidential information about Pinterest's notifications system, including details about specific parameters and optimizations that Pinterest uses, as well as information about the various sources used to generate recommendations that Pinterest sends to users in notifications. These details of our notifications system are proprietary information that have been developed over the course of extensive testing over time, and provide the company with a competitive advantage that could be lost if the document is made public. For that reason, Pinterest believes Exhibit 12 identified should remain under seal.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 12 day of November 2021, at Lafayette, California.

*/s/ Henry Lien*
Henry Lien

**ATTORNEY ATTESTATION**

I am the ECF User whose ID and password are being used to file this Declaration. In compliance with N.D. Cal. Civil L.R. 5-1(i)(3), I hereby attest that concurrence in the filing of the document has been obtained from the other signatory.

By: /s/ *David H. Kramer*
David H. Kramer