United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BLAINE HARRINGTON III,<br><br>    Plaintiff,<br><br>    v.<br><br>PINTEREST, INC.,<br><br>    Defendant. | Case No. 5:20-cv-05290-EJD<br><br>**ORDER GRANTING MOTION TO DISMISS COUNT II OF PLAINTIFF'S SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND; DIRECTING CLERK OF COURT TO ADMINISTRATIVELY CLOSE THE FILE**<br><br>Re: Dkt. No. 51 |

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Pinterest, Inc. ("Pinterest") moves to dismiss with prejudice the second cause of action in the Second Amended Complaint ("SAC"), for violation of the Digital Millennial Copyright Act ("DMCA"), 17 U.S.C. § 1202(b)). Def. Pinterest, Inc.'s Mot. to Dismiss Count II of Pl.'s Second Amend. Class Action Compl. ("Mot."), Dkt. No. 51. Harrington filed an Opposition ("Opp'n), Dkt. No. 57. Pinterest filed a Reply. Dkt. No. 67. The Court finds this matter appropriate for disposition without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons stated below, the Court grants the motion to dismiss with leave to amend.

**I.    BACKGROUND**

   **A.    Second Amended Complaint[1]**

Plaintiff Blaine Harrington III ("Harrington") is a professional travel photographer and is

---

[1] The Background includes a brief summary of the allegations in the SAC, Dkt. No. 49.
Case No.: 5:20-cv-05290-EJD
ORDER GRANTING MOTION TO DISMISS COUNTS II OF PLAINTIFF'S SECOND AMENDED COMPLAINT

1

the sole copyright owner of his photographic works ("Works"). SAC ¶¶ 13 -15.[2] Harrington adds to his Works a type of mini database appended to the image file in a format known as the IPTC Photo Metadata Standard established by The International Press Telecommunications Council ("IPTC"). *Id*. ¶ 55. IPTC Metadata is a form of copyright management information ("CMI"). *Id*. Virtually all professional photographers, including Harrington, insert IPTC Metadata onto their images in order to facilitate identifying, tracking, and protecting their images from copyright infringement. *Id*. ¶ 56. IPTC Metadata includes what is commonly referred to as the 4C's: caption/description; creator; copyright notice; and credit line source. *Id*. ¶ 58. Harrington embeds the 4C's in all of his digital works, as well as his address, phone, email, website, instructions, and "rights/use terms." *Id*. ¶ 59. Harrington uses IPTC Metadata to identify and enforce his copyrights. *Id*. ¶¶ 61-65.

Pinterest is a social media platform that allows its users to create and share virtual bulletin boards ("boards") to which they have posted, or "pinned," items that have been uploaded. *Id*. ¶¶ 2, 23. The vast majority of "pinned" items are images Pinterest users upload from the internet, including registered copyrighted images. *Id*. ¶¶ 4, 23. A user's main Pinterest page is called a "home feed." *Id*. ¶ 24. The Pins in a user's "home feed" consist of not only Pins the user has selected, but also Pins selected and displayed by Pinterest. *Id*. Pinterest selects Pins from its library of hundreds of billions of images that have been uploaded to Pinterest by users. *Id*. The images Pinterest displays to the user are personalized based on the user's boards, recent activity on Pinterest, and favorite topics. *Id*. Pinterest then integrates advertisements with the images on the user's home feed. *Id*. The advertisements are seamlessly integrated with the user's "pinned" images so that the images become part of a "targeted advertisement campaign." *Id*. ¶ 26. Pinterest also distributes images with integrated advertisements directly to the user by email

---

[2] Pinterest points out that Harrington is a "serial copyright litigant who has filed dozens of copyright infringement cases around the country." Opp'n at 3. Harrington's litigation experience is not relevant to the instant motion, although it may become relevant if he seeks class certification.

Case No.: 5:20-cv-05290-EJD
ORDER GRANTING MOTION TO DISMISS COUNTS II OF PLAINTIFF'S SECOND AMENDED COMPLAINT

2

1    and/or through the Pinterest app. *Id.* Pinterest generates its revenues through the advertisements.

2    *Id.* ¶¶ 25-26.

3          Harrington alleges that Pinterest does not have in place a system for screening Pins for

4    copyright notices or other indicia of copyright ownership associated with the "pinned" images. *Id.*

5    ¶ 27. Further, he alleges that Pinterest deliberately removes indicia of copyright ownership from

6    pinned images "to render its paid advertisement more effective and to actively thwart the efforts of

7    copyright owners, like [Harrington], to police the misuse of their works on and through Pinterest's

8    website and app." *Id.* ¶ 27. Pinterest allegedly strips the images of both visible CMI and "any

9    metadata." *Id.* ¶¶ 51-54, 91. In particular, Pinterest did not retain IPTC Metadata for a period of

10   time. *Id.* ¶ 66. When a user "pinned" or uploaded an image, Pinterest renamed the image with a

11   new JPEG name and stripped the EXIF/IPTC from the image before displaying and disseminating

12   that image. *Id.* Pinterest previously preserved IPTC Metadata, but ceased doing so as of 2019.

13   *Id.* ¶ 67. In 2021, after the initiation of this suit, Pinterest resumed preserving IPTC Metadata. *Id.*

14         There are tens of thousands if not hundreds of thousands of Harrington's Works displayed on

15   Pinterest's website and app without authorization. *Id.* ¶ 71. Pinterest displayed these Works without

16   his consent and "without attribution" to advertise goods and services. *Id.* ¶¶ 29-47. Harrington alleges

17   that when Pinterest displayed his Works in the context of advertisement, Pinterest did not display his

18   CMI. *Id.* ¶ 52. Pinterest "knowingly removed the CMI, not only to make its paid advertisement

19   stand out among 'pinned' images that otherwise would provide attribution and attention to the

20   owners of the images, but also to induce, enable, facilitate, and conceal its own infringement of

21   copyrighted images on its website and app." *Id.* ¶ 68.

22   **B.    Procedural History**

23         On July 31, 2020, Harrington filed this action against Pinterest, asserting claims for direct

24   and contributory copyright infringement and violation of the DMCA. *See* Dkt. No. 1. Pinterest

25   moved to dismiss the contributory infringement and DMCA claims, but Plaintiff filed the First

26   Amended Complaint ("FAC"), which rendered the motion to dismiss moot. *See* Dkt. No. 21.

ORDER GRANTING MOTION TO DISMISS COUNTS II OF PLAINTIFF'S SECOND AMENDED COMPLAINT
3

1    Pinterest next moved to dismiss the contributory infringement and DMCA claims. Dkt. No. 24.

2    The Court granted the motion in full, with leave to amend. Dkt. No. 40. The Court held in

3    pertinent part that Harrington failed to allege sufficient facts to establish the knowledge

4    requirements for the DMCA claim.

5    Harrington filed a redacted SAC on September 30, 2021, because it included material

6    designated confidential in *Davis v. Pinterest, Inc.*, case no. 19-7650 HSG ("*Davis* Action"). Dkt.

7    Nos. 41-42. He subsequently filed an administrative motion to withdraw the redacted SAC. Dkt.

8    No. 44. In response, Pinterest contended that Harrington had violated the protective order entered

9    in the *Davis* Action and that the redacted SAC should be stricken. Dkt. No. 46. The Court

10   ordered the redacted SAC removed from the docket and granted Harrington leave to resubmit it

11   without "any allegations that contain or are derived from information designated under the

12   protective order" in the *Davis* Action. Dkt. No. 48. On October 17, 2021, Harrington filed the

13   operative SAC.

## II. STANDARDS

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

When deciding whether to grant a motion to dismiss under Rule 12(b)(6), the court must generally accept as true all "well-pleaded factual allegations." *Id.* at 664. The court must also

construe the alleged facts in the light most favorable to the plaintiff. *See Retail Prop. Trust v. United Bhd. Of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014) (providing the court must "draw all reasonable inferences in favor of the nonmoving party" for a Rule 12(b)(6) motion). Dismissal "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Further, leave to amend must be granted even if no request to amend is made "unless [the court] determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)).

## III.   DISCUSSION

Title 17 United States Code Section 1202(b)(1) provides: "No person shall, without the authority of the copyright owner or the law . . . intentionally remove or alter any copyright management information . . . knowing, or . . . having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any" copyright. 17 U.S.C. § 1202(b)(1). Section 1202(b)(3) provides: "No person shall, without the authority of the copyright owner or the law . . . distribute, import for distribution, or publicly perform works, copies of works, or phonorecords, knowing that copyright management information has been removed or altered without authority of the copyright owner or the law, knowing, or . . . having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any" copyright. *Id*. § 1202(b)(3). Section 1202(b)(3) contains a so-called "double scienter" requirement. *Mango v. BuzzFeed, Inc.*, 970 F.3d 167, 171 (9th Cir. 2020). The first scienter requirement is that a defendant distributing copyrighted material have actual knowledge that CMI "has been removed or altered without authority of the copyright owner or the law." *Id*. at 172. The second scienter requirement is that "a defendant know or have reason to know that distribution of copyrighted material despite the removal of CMI 'will induce, enable, facilitate, or conceal an infringement'" *Id*. (quoting Section 1202(b)). Both Sections 1202(b)(1) and 1202(b)(3) "require the defendant to

possess the mental state of knowing, or having a reasonable basis to know, that his actions 'will induce, enable, facilitate, or conceal' infringement." *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 674 (9th Cir. 2018).

Pinterest contends that the DMCA claim should be dismissed because Harrington fails to allege facts to satisfy the scienter requirements for Sections 1202(b)(1) and (b)(3). Specifically, Pinterest argues that (1) the SAC lacks sufficient facts to show that Pinterest intentionally removed CMI from any of Harrington's Works; (2) the SAC lacks sufficient facts to show that Pinterest "knew" or had "reasonable grounds to know" that its actions would induce, enable, facilitate, or conceal an infringement of any copyright. Pinterest also argues that allegations about Pinterest's supposed motives to thwart copyright enforcement and to increase advertising revenue do not establish the required mens rea; allegations regarding Pinterest's changed treatment of Metadata is irrelevant and improper; allegations regarding a discovery dispute in the *Davis* Action are irrelevant to the scienter analysis; and Pinterest's display of visible CMI refutes any inference of unlawful scienter.

### A. Allegations re First Scienter Requirements:  Intentional Removal of CMI and Actual Knowledge that CMI Has Been Removed Or Altered

To plead a violation of Section 1202(b)(1), a plaintiff must allege intentional removal of CMI. 17 U.S.C. § 1202(b)(1). Similarly, to plead a violation of Section 1202(b)(3), a plaintiff must allege that a defendant distributing copyrighted material had actual knowledge that CMI "has been removed or altered." *Id.* § 1202(b)(3).

The SAC fails to allege sufficient facts to support a reasonable inference that Pinterest had the requisite intent and knowledge. As an initial matter the SAC does not allege that Pinterest was even aware that any specific Work existed on its platform. Nor does the SAC allege that Pinterest knew that any of his Works contained CMI at the time they were uploaded. Absent allegations that Pinterest was aware that Harrington's Works carried CMI in the form of embedded IPTC Metadata at the time of upload, Harrington cannot plausibly allege that Pinterest intentionally

Case No.: 5:20-cv-05290-EJD
ORDER GRANTING MOTION TO DISMISS COUNTS II OF PLAINTIFF'S SECOND AMENDED COMPLAINT

6

1  removed CMI from his Works or that Pinterest distributed his Works knowing that CMI had been
2  removed.

3  Harrington alleges that Pinterest "removed *any metadata* that copyright owners, like
4  Plaintiff, embedded onto their digital images to identify and protect their works." SAC ¶ 54
5  (emphasis added). As Pinterest notes, however, metadata and CMI are not synonymous. Reply at
6  1. Rather, IPTC Metadata is a form of CMI. *See* SAC ¶ 55. IPTC Metadata may, but does not
7  necessarily, contain CMI. Therefore, an allegation of wholesale metadata removal, without more,
8  does not suffice to allege Pinterest intentionally removed CMI from Harrington's Works or that
9  Pinterest distributed copyrighted material with actual knowledge that CMI had been removed or
10 altered from his Works. *See Philpot v. WOS, Inc.,* No. 18-CV-339-RP, 2019 WL 1767208, at *8-9
11 (W.D. Tex. Apr. 22, 2019) (Section 1202(b) claim failed where plaintiff did not show defendant
12 knew that the metadata it removed contained CMI). Harrington asserts that *Philpot* is
13 distinguishable because it was decided on summary judgment based on a full evidentiary record.
14 But *Philpot* makes clear that not all metadata contains CMI, and moreover that removal of
15 metadata, even if it happens to contain CMI, does not plausibly suggest an intent to remove CMI
16 from photos or knowledge that CMI has been removed. *Id*. at *8-9.

17 Harrington next argues that it is implausible that "Pinterest a company that touts itself as a
18 visual search engine displaying billions of images—did not know that IPTC Metadata contained
19 CMI." Opp'n at 6. The argument misses the point. Pinterest acknowledges that "IPTC Metadata
20 could contain CMI." Reply at 4 n.2. But even if IPTC Metadata may contain CMI, the SAC still
21 fails to state a DMCA claim. *See Philpot*, 2019 WL 1767208, at *8-9. Harrington does not allege
22 that Pinterest removed his IPTC Metadata containing CMI from his Works. Rather, the SAC
23 alleges generally that Pinterest removed "any metadata." SAC ¶ 54. The SAC does not allege
24 sufficient facts from which to infer Pinterest knew as to any particular Work that Harrington's
25 metadata constituted CMI. Without such knowledge, there are insufficient facts from which to
26 reasonably infer Pinterest intentionally removed CMI from his Works or that Pinterest distributed

27 Case No.: 5:20-cv-05290-EJD
28 ORDER GRANTING MOTION TO DISMISS COUNTS II OF PLAINTIFF'S SECOND
   AMENDED COMPLAINT
   7

his Works with knowledge that CMI had been removed or altered. *See Free Speech Sys., LLC v. Menzel*, 390 F. Supp. 3d 1162, 1175 (N.D. Cal. 2019) (dismissing Section 1202(b) claim where rightsholder "alleged that his photographs 'were altered to remove certain of [his] copyright management information' without providing any facts to identify which photographs had CMI removed or to describe what the removed or altered CMI was"); *cf. Stevens v. CoreLogic, Inc.*, 194 F. Supp. 3d 1046, 1052 (S.D. Cal. 2016) (no intentional removal under Section 1202(b)(1) where "Plaintiffs present no evidence that CoreLogic intentionally removed CMI, as opposed to removal being an unintended side effect of the fact that the software platform was based on a library that failed to retain metadata by default"), *aff'd*, 899 F.3d 666 (9th Cir. 2018).

To be sure, Federal Rule of Civil Procedure 8 does not require detailed factual allegations or certainty. *See*, *e.g.*, *Greg Young Publ'g, Inc. v. CafePress, Inc.,* No. 15-6013 MWF, 2016 WL 6106752, at *4 (C.D. Cal. Jan. 25, 2016) ("Rule 8 does not require certainty."); *Robbins v. Oakley, Inc.*, No. 18-5116 PA, 2018 WL 5861416, at *3 (C.D. Cal. Sept. 27, 2018) ("A plaintiff's burden at the pleading stage is not so exacting."). Further, Federal Rule of Civil Procedure 9(b) provides that knowledge, and other conditions of a person's mind may be alleged generally. Fed. R. Civ. P. 9(b). Nevertheless, a plaintiff must allege sufficient facts to raise a right to relief above the speculative level. *Daar v. Oakley, Inc.*, No. 18-6007 PA, 2018 WL 9596129, at *3 (C.D. Cal. Sept. 27, 2018) (citing *Twombly*, 550 U.S. at 555). Plaintiffs must "nudge[ ] their claim across the line from conceivable to plausible" by pleading "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Harrington has not done so.

**B.     Second Scienter Requirement:  Knowing or Having Reasonable Grounds to Know, that Defendant's Actions Regarding CMI Will Induce, Enable, Facilitate, or Conceal an Infringement of Any Copyright**

Harrington also fails to allege sufficient facts to satisfy the second scienter requirement. To satisfy the second scienter requirement, a plaintiff must allege sufficient facts to show a defendant knew or had reasonable grounds to know that its actions regarding CMI would "induce, enable, facilitate, or conceal an infringement." 17 U.S.C. § 1202(b)(1), (b)(3). The Ninth Circuit

Case No.: 5:20-cv-05290-EJD
ORDER GRANTING MOTION TO DISMISS COUNTS II OF PLAINTIFF'S SECOND AMENDED COMPLAINT

8

has explained that "the mental state requirement in Section 1202(b) must have a more specific application than the universal possibility of encouraging infringement; specific allegations as to how identifiable infringements 'will' be affected are necessary." *Stevens*, 899 F.3d at 674. This standard does not require a showing that any specific infringement has already occurred. *Id*. Nor does it "require knowledge in the sense of certainty as to a future act." *Id*. (quoting *United States v. Todd*, 627 F.3d 329, 334 (9th Cir. 2010)). Rather, "knowledge in the context of such statutes signifies 'a state of mind in which the knower is familiar with a pattern of conduct' or 'aware of an established modus operandi that will in the future cause a person to engage in' a certain act." *Id*. The second scienter requirement "is intended to limit liability . . . to instances in which the defendant knows or has a reasonable basis to know that the removal or alteration of CMI or the distribution of works with CMI removed *will* aid infringement." *Id*. at 675 (emphasis in original).

Unlike the prior version of the complaint, the SAC now includes factual allegations regarding Harrington's use of IPTC Metadata to identify and enforce his copyrights. SAC ¶¶ 61-64. He alleges that he uses IPTC Metadata as a means of conclusively proving ownership when an unauthorized user disputes ownership or the scope of permitted use of his photographs. *Id*. ¶ 63. Absent, however, are sufficient facts from which to infer Pinterest knew about Harrington's practices regarding IPTC Metadata. Harrington does not allege, for example, that he informed Pinterest of his practices. Absent such allegations, the SAC lacks a sufficient factual basis from which to infer Pinterest knew or had a reasonable basis to know that the removal or alteration of CMI or the distribution of Works with CMI removed will aid infringement. *See Stevens*, 899 F.3d at 674 ("[A] plaintiff bringing a Section 1202(b) claim must make an affirmative showing, such as by demonstrating a past 'pattern of conduct' or 'modus operandi', that the defendant was aware or had reasonable grounds to be aware of the probable future impact of its actions.").

       **i.    Pinterest's Alleged Motives re Advertising**

Harrington's allegations regarding Pinterest's motives do not overcome the pleading deficiencies described above. Plaintiff alleges that Pinterest removes indicia of copyright

Case No.: 5:20-cv-05290-EJD
ORDER GRANTING MOTION TO DISMISS COUNTS II OF PLAINTIFF'S SECOND AMENDED COMPLAINT

9

1  ownership to render its paid advertisement more effective (SAC ¶¶ 27, 26), but fails to allege facts
2  to support the allegation. Furthermore, it is not self-evident why removing CMI in the form of
3  embedded IPTC Metadata would render Pinterest's advertisements more effective.

4        Harrington also alleges that "Pinterest was aware or had reasonable grounds to be aware
5  that the effect of removing IPTC metadata would be to hinder the efforts of copyright holders to
6  effectively enforce their copyrights against Pinterest." *Id*. ¶ 103. In *Stevens*, the Ninth Circuit was
7  clear that a "generic approach" to pleading scienter "won't wash." *Stevens*, 899 F.3d at 673 (a
8  plaintiff bringing a Section 1202(b)(1) claim "must offer more than a bare assertion that when
9  CMI metadata is removed, copyright infringement plaintiffs . . . lose an important method of
10 identifying a photo as infringing.") (internal quotation marks omitted); *see also Mills v. Netflix,*
11 *Inc.,* No. 19-7618-CBM, 2020 WL 548558, at *3 (C.D. Cal. Feb. 3, 2020) (dismissing §1202(b)
12 claim where complaint lacked specific allegations as to how identifiable infringements will be
13 affected by defendants' alleged removal or alteration of CMI, lacked allegations of a pattern of
14 conduct demonstrating defendants knew or had reason to know their actions would cause future
15 infringement, and failed to allege non-conclusory facts that Defendants intended to induce
16 infringement by allegedly removing or altering any CMI).

### ii. Pinterest's Changed Treatment of Metadata

Pinterest also persuasively argues that its alleged change in metadata removal practices does not support finding any requisite scienter. Harrington alleges Pinterest previously retained IPTC Metadata; but sometime in late 2015, Pinterest discontinued preserving any IPTC Metadata; and that after he filed suit, Pinterest resumed preserving IPTC Metadata in 2021. SAC ¶¶ 67-70. Harrington alleges that Pinterest provides no plausible explanation for not preserving IPTC Metadata from 2019 to 2021, when the IPTC organization had urged website operators to retain IPTC Metadata, and other online companies were doing so. *Id*. ¶ 106. There is no requirement that Pinterest offer a plausible explanation. Furthermore, Plaintiff fails to allege any facts from which to infer Pinterest was aware of the IPTC organization's recommendation or the practices of

other companies.

Harrington also alleges that Pinterest deliberately stopped including IPTC Metadata in its displayed images in order to claim ignorance of its infringement of copyrighted images, to avoid having to take down all displayed images created from a copyrighted image, and to thwart the enforcement of copyrights. SAC ¶ 106. This is an entirely conclusory and speculative allegation and need not be accepted as true. *In re Tracht Gut, LLC*, 836 F.3d 1146, 1150-51 (9th Cir. 2016) (citing *Bell Atl.*, 550 U.S. at 555-56).

At most, Harrington's allegations suggest that his lawsuit put Pinterest on notice that its failure to preserve IPTC Metadata might be inducing, enabling, facilitating or concealing infringement, and therefore Pinterest changed its practice. Even if Harrington's lawsuit prompted Pinterest's most recent change in practice, as he suggests, that change in practice does not reveal anything about Pinterest's past state of mind. Rather, it suggests that as of the filing of Harrington's lawsuit, Pinterest presently has knowledge that its now discontinued IPTC Metadata removal practice may have been problematic.

### iii.  Allegations Regarding Discovery Dispute in *Davis* Action

The SAC includes allegations regarding a discovery dispute in the *Davis* Action, which Harrington argues support an inference that Pinterest knew the alleged removal of IPTC Metadata would hinder the efforts of copyright holders to enforce their rights. SAC ¶¶ 92-108. In the *Davis* Action, the plaintiff asked Pinterest to identify each instance in which his photos appeared on the service. Pinterest responded that:

> There are billions of images accessible on the Pinterest service. While the service offers a public-facing keyword search capability, that search capability does not use image-matching technology. Conducting manual keyword searches of the corpus of images on the service using search terms that Defendant would have to devise in the hopes of finding images that match the works that Plaintiff has put at issue in this case would not only be an enormously time consuming process, but would generate highly over- and potentially under-inclusive results. That is especially so since the persons charged with performing these searches would have to review many thousands of results for each search and would not know by looking at a given image in the results whether it was in fact one of the specific works

Case No.: 5:20-cv-05290-EJD
ORDER GRANTING MOTION TO DISMISS COUNTS II OF PLAINTIFF'S SECOND AMENDED COMPLAINT

11

1    that Plaintiff has put at issue. . . .

2  SAC ¶ 102.  Pinterest's response makes no mention of CMI or IPTC Metadata.  Nor does the

3  response imply that Pinterest knew that the alleged removal of IPTC Metadata from Harrington's

4  Works would hinder his ability to enforce copyright.

### iv. Pinterest's Presentation of Visible CMI

Lastly, Pinterest argues that its display of visible CMI on its website refutes, as a matter of law, any inference of unlawful scienter under Section 1202(b).  Citing *Kelly v. Arriba Soft Corporation*, 77 F. Supp. 2d 1116, 1122 (C.D. Cal. 1999), *aff'd in part, rev'd in part*, 280 F.3d 934 (9th Cir. 2002), *opinion withdrawn and superseded on denial of reh'g and aff'd in part, rev'd in part*, 336 F.3d 811 (9th Cir. 2003), Pinterest reasons that it makes no sense to infer that Pinterest had the requisite scienter for Section 1202(b) when the images included in the SAC show CMI for full-sized images is visible on Pinterest's service and there are links back to the original source of those images elsewhere on the Internet.  SAC ¶¶ 30, 32, 34, and Images 2-4, 8-9.

Pinterest's argument is well supported by *Kelly*, where the court granted summary judgment in favor of the defendant on a Section 1202(b)(3) claim.  *Id*. at 1123.  In *Kelly*, the defendant's users could click on a thumbnail image to obtain a full-sized version of image and be taken to the website from which the defendant obtained the image (where any associated CMI formation would be available).  *Id*. at 1116, 1122.  Based on this evidence, as well as evidence that the defendant's website informed users that use restrictions and copyright limitations may apply to images, the *Kelly* court found the defendant did not have "reasonable grounds to know" it would cause its users to infringe Plaintiff's copyrights.  *Id*. at 1122.

Pinterest's functionality is comparable to the functionality at issue in *Kelly*.  If anything, Pinterest provides more access to CMI than the defendant in *Kelly*.  The thumbnail images link to full-sized versions of the images where visible CMI is shown, and then link users to the original source of the image where that CMI is again available.  Opp'n at 12-13 (citing SAC ¶¶ 30, 32, 34,

and Images 2-4, 8-9; Reply at 13 n. 7 (citing Compl., Dkt. No. 1, ¶¶ 52-53 and Images 8-9).[3] Harrington alleges that Pinterest "often displayed images of Plaintiff's Works that are static and do not link back to any live website." SAC ¶ 50. Just because there may be instances of static images on Pinterest, however, does not mean Pinterest had the requisite scienter as to Harrington's Works. Absent additional facts, Harrington's Section 1202(b) claim is not plausible on its face.

Harrington's failure to plead facts to satisfy the second scienter requirement is a second and independent ground to dismiss the DMCA claim.

## IV. CONCLUSION

For the reasons stated above, Pinterest's motion to dismiss the second cause of action in the SAC is GRANTED. In ruling on the prior motion to dismiss, the Court indicated that Harrington would be granted one last opportunity to amend. However, leave to amend must be granted unless the court determines that the pleading could not possibly be cured by the allegation of other facts. *Lopez*, 203 F.3d at 1127. Here, there is a possibility that the pleading deficiencies may be cured by adding more factual allegations. Therefore, the second cause of action is dismissed with leave to amend.

The Court will not set a deadline for filing a third amended complaint at this time because the parties have stipulated to stay the case schedule pending resolution of the appeal in the *Davis* Action. In light of the stipulated stay, the Clerk of Court is directed to administratively close the file. The parties shall notify the Court within one week of the resolution of the appeal in the *Davis* Action.

**IT IS SO ORDERED.**

Dated: September 19, 2022

EDWARD J. DAVILA
United States District Judge

---

[3] A "court may look to prior pleadings to determine the plausibility of an amended complaint." *Golub v. Gigamon Inc.*, No. 17-06653-WHO, 2019 WL 4168948, at *11 n.6 (N.D. Cal. Sept. 3, 2019) (citations omitted).

Case No.: 5:20-cv-05290-EJD
ORDER GRANTING MOTION TO DISMISS COUNTS II OF PLAINTIFF'S SECOND AMENDED COMPLAINT
13