| | |
|---|---|
| 1 | DAVID H. KRAMER, State Bar No. 168452 |
| 2 | WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation |
| 3 | 650 Page Mill Road<br>Palo Alto, CA 94304-1050 |
| 4 | Telephone: (650) 493-9300<br>Facsimile: (650) 565-5100 |
| 5 | Email: dkramer@wsgr.com |
| 6 | *Attorneys for Defendant*<br>*PINTEREST, INC.* |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

BLAINE HARRINGTON III,　　　　　) CASE NO.: 5:20-cv-05290-EJD
　　　　　　　　　　　　　　　　 )
　　　　Plaintiff,　　　　　　　　 ) **DEFENDANT PINTEREST, INC.'S**
　　　　　　　　　　　　　　　　 ) **OPPOSITION TO PLAINTIFF'S**
　　v.　　　　　　　　　　　　　　) **MOTION FOR LEAVE TO AMEND**
　　　　　　　　　　　　　　　　 )
PINTEREST, INC.,　　　　　　　　　)
　　　　　　　　　　　　　　　　 )
　　　　Defendant.　　　　　　　　)
　　　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　 )
_____　)

# TABLE OF CONTENTS

|  |  | Page |
|---|---|---|
| STATEMENT OF ISSUES TO BE DECIDED | | 1 |
| INTRODUCTION | | 1 |
| I. | BACKGROUND | 2 |
| | A. The *Davis* Action | 2 |
| | B. Harrington's Duplicative Action | 5 |
| | C. The Proposed Third Amended Complaint | 6 |
| II. | ARGUMENT | 6 |
| | A. The Court Should Reject Harrington's Attempt to Add Mr. Davis. | 7 |
| |     1. Mr. Davis Litigated This Claim and Lost. | 7 |
| | B. The PTAC's Sole Claim Is Futile. | 10 |
| | C. The Proposed Classes Could Not Be Certified | 12 |
| CONCLUSION | | 15 |

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*AF Holdings, LLC v. Doe*,
 2012 WL 5426091 (N.D. Cal. Nov. 6, 2012) ................................................................. 7

*Allen v. City of Beverly Hills*,
 911 F.2d 367 (9th Cir. 1990) .......................................................................................... 7

*Ascon Props., Inc. v. Mobil Oil Co.*,
 866 F.2d 1149 (9th Cir. 1989) ........................................................................................ 7

*Blackman v. Teespring, Inc.*,
 2019 WL 7832600 (N.D. Cal. July 12, 2019) ............................................................... 14

*Bonin v. Calderon*,
 59 F.3d 815 (9th Cir. 1995) ............................................................................................ 7

*Cisco Sys., Inc. v. Shenzhen Usource Tech. Co.*,
 2021 WL 2139333 (N.D. Cal. May 26, 2021) ........................................................... 7, 14

*Corley v. Google, Inc.*,
 316 F.R.D. 277 (N.D. Cal. 2016) .................................................................................. 14

*Davis v. Pinterest, Inc.*,
 2023 WL 5695992 (9th Cir. Sept. 5, 2023) ................................................................ 5, 11

*Davis v. Pinterest, Inc.*,
 601 F. Supp. 3d 514 (N.D. Cal. 2022) ..................................................................... passim

*Despanie v. Henderson*,
 2001 WL 253213 (N.D. Cal. Feb. 28, 2001) .................................................................. 9

*Dixon v. U.S. Postal Serv.*,
 2011 WL 2748615 (N.D. Cal. July 14, 2011) ................................................................. 9

*eAdGear, Inc. v. Liu*,
 2012 WL 2367805 (N.D. Cal. June 21, 2012) .............................................................. 11

*Foman v. Davis*,
 371 U.S. 178 (1962) ........................................................................................................ 7

*Football Ass'n Premier League Ltd. v. YouTube, Inc.*,
 297 F.R.D. 64 (S.D.N.Y. 2013) .................................................................................... 13

*Golden v. O'Melveny & Myers LLP*,
 2020 WL 1640020 (C.D. Cal. Apr. 1, 2020) ................................................................ 12

*In re Volkswagen "Clean Diesel" Mktg.*,
 328 F. Supp. 3d 963 (N.D. Cal. 2018) ....................................................................... 7, 10

*Jackson v. Bank of Hawaii*,
 902 F.2d 1385 (9th Cir. 1990) ...................................................................................... 10

*Kihn v. Bill Graham Archives LLC*,
 2022 WL 18935 (9th Cir. Jan. 3, 2022) ...............................................................................13

*Mpoyo v. Litton Electro-Optical Sys.*,
 430 F.3d 985 (9th Cir. 2005) ..........................................................................................8, 10

*Owens v. Kaiser Found. Health Plan, Inc.*,
 244 F.3d 708 (9th Cir. 2001) ..................................................................................................8

*Rodriguez v. Instagram, LLC*,
 2013 WL 3732883 (N.D. Cal. July 15, 2013) .......................................................................15

*Rosell v. Wells Fargo Bank*,
 2013 WL 4079178 (N.D. Cal. Aug. 1, 2013) ........................................................................15

*Schneider v. YouTube, LLC*,
 __ F. Supp. 3d __, 2023 WL 3605981 (N.D. Cal. May 22, 2023) .......................................13

*Steckman v. Hart Brewing, Inc.*,
 143 F.3d 1293 (9th Cir. 1998) ........................................................................................7, 10

*Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*,
 322 F.3d 1064 (9th Cir. 2003) ..............................................................................................8

*Turtle Island Restoration Network v. U.S. Dep't of State*,
 673 F.3d 914 (9th Cir. 2012) ................................................................................................8

*UMG Recordings, Inc. v. Shelter Cap. Partners LLC*,
 718 F.3d 1006 (9th Cir. 2013) .............................................................................................11

*United States ex rel. Barajas v. Northrop Corp.*,
 147 F.3d 905 (9th Cir. 1998) ................................................................................................8

*Visendi v. Bank of Am., N.A.*,
 733 F.3d 863 (9th Cir. 2013) ..............................................................................................14

*Wang v. Tesla, Inc.*,
 338 F.R.D. 428 (E.D.N.Y. 2021) .........................................................................................15

**STATUTES**

17 U.S.C. § 512 ..............................................................................................................3, 4, 12

**RULES**

Fed. R. Civ. P. 20 ....................................................................................................................14

**STATEMENT OF ISSUES TO BE DECIDED**

Whether the Estate of Blaine Harrington III ("Harrington") should be afforded leave to file the Proposed Third Amended Complaint ("PTAC").

**INTRODUCTION**

This case should be over. A series of Orders from this Court dismissed various copyright claims that Plaintiff Blaine Harrington advanced. With respect to the sole remaining claim of direct infringement, Harrington sought and obtained a lengthy stay of this case. That stay was to await the outcome of an earlier-filed case, *Davis v. Pinterest*, through which Harrington's counsel pursued an identical direct-infringement claim in this District. *See Davis v. Pinterest, Inc.*, No. 4:19-cv-07650-HSG (N.D. Cal.) ("*Davis*"). After Judge Gilliam granted summary judgment for Pinterest and against Harold Davis in that parallel case, Harrington's counsel sought and obtained a further stay of this action hoping for reversal on appeal. The Ninth Circuit affirmed Pinterest's win in all respects.

The decision in *Davis* forecloses the claim Harrington seeks to assert here. But instead of dismissing this action, Harrington and his counsel have asked this Court for leave to file a radically altered Third Amended Complaint. The proposed amendments are futile, at best.

***First***, Harrington remarkably seeks to amend to add *Mr. Davis* to this case and have him pursue claims here. That effort is frivolous. Mr. Davis not only had every opportunity to litigate his copyright-infringement claims before Judge Gilliam, he actually did so. He lost in full, and again on appeal. The doctrine of res judicata bars Mr. Davis from relitigating any and all claims he pursued or could have pursued in his own action. That includes the claim he wants to pursue again here.

***Second***, Harrington proposes to pursue a claim that Pinterest committed direct copyright infringement by transmitting notification messages to users alerting them to the presence of photographs on the service. But in the *Davis* case, Judge Gilliam addressed that theory, holding that the Digital Millennium Copyright Act ("DMCA") shields Pinterest from copyright infringement claims arising from user-uploaded content, including claims based on notifications.

The Ninth Circuit affirmed Judge Gilliam's decision in full. Harrington's notifications-based claim is just as futile as Mr. Davis' was.

*Third*, Harrington proposes to pursue his futile notifications claim on behalf of a putative class. But even if such a claim was viable, it could not proceed as a class action. Harrington recognized as much, recently telling Pinterest and the Court that he planned to drop his class allegations. Whatever his reason for trying to reverse that concession, the law is overwhelmingly clear that copyright and class actions do not mix because copyright cases present a morass of individualized issues—like ownership, registration, infringement, damages, license, statute of limitations and failure to mitigate—all of which require extensive discovery and individual adjudications. Harrington has not even attempted to show how a class in this case could be certified, again assuming there was a viable infringement claim for him to pursue. Given that, the PTAC's proposed class allegations are futile as well.

For these reasons, Harrington's motion for leave to amend should be denied and his case should be dismissed.

## I. BACKGROUND

### A. The *Davis* Action

The copyright claims Harrington has put forth in this case mirror those in the *Davis* case that Harrington's counsel filed against Pinterest in this District back in November 2019. That action was litigated extensively before Judge Gilliam. Mr. Davis initially alleged that Pinterest infringed his copyrights by sending notification messages to alert users to the presence of images, supposedly including his images, on the Pinterest service. *See Davis*, ECF No. 1. Through a series of amendments, Mr. Davis expanded his case to challenge the operation of Pinterest's service generally, claiming Pinterest directly infringed by copying and displaying photographs that users uploaded to the service. *See id.*, ECF Nos. 23, 56. Pinterest responded that Mr. Davis' claims were barred in their entirety by the DMCA—a statute that shields online services from infringement claims arising from material uploaded to those services by users. After almost a year, Mr. Davis sought leave to pursue his case as a class action ***with a proposed complaint that mentioned Harrington by name***, *id.*, ECF No. 41, but abandoned that pursuit

after Judge Gilliam said he was highly skeptical that a class of copyright claimants could ever be certified, *see* Declaration of David H. Kramer in Support of Pinterest's Opposition ("Kramer Decl.") ¶ 4. Judge Gilliam also rejected Mr. Davis' untimely effort to add a claim for wrongful removal of copyright management information ("CMI"), *Davis*, ECF No. 55, and threw out Mr. Davis' contributory infringement claims as improperly pled, *id.*, ECF No. 75.

The parties proceeded through discovery on the direct infringement claim. Mr. Davis took ten depositions, in addition to serving twenty-nine document requests and fifteen interrogatories on Pinterest. Kramer Decl. ¶ 5. From the start, Mr. Davis was evasive about the specifics of his claim, and Judge Gilliam set a deadline for him to identify the universe of alleged infringements of the 51 copyrighted works at issue in the case. *Davis*, ECF No. 63. At that deadline, Mr. Davis identified alleged infringements for only 35 of the 51 copyrighted works he had claimed were at issue. *See Davis v. Pinterest, Inc.*, 601 F. Supp. 3d 514, 527 (N.D. Cal. 2022).

The parties filed cross motions for summary judgment. Pinterest explained that the DMCA immunized it from Mr. Davis' claims based on Pinterest's display of images uploaded to the service by users. *Davis*, ECF No. 152. In his cross motion, Mr. Davis argued that Pinterest's service fell outside the DMCA's safe harbor. *Id.*, ECF No. 150. Mr. Davis also sought to introduce instances of alleged infringement that he had not identified by the Court-Ordered deadline, including alleged infringements based on Pinterest notification messages. *See Davis*, 601 F. Supp. 3d at 527.

Judge Gilliam granted summary judgment to Pinterest based on the DMCA. *See generally id.* In his opinion, Judge Gilliam confirmed longstanding law that the DMCA bars infringement claims against online service providers like Pinterest that arise "by reason of the storage at the direction of a user" of material on the service. *Id.* at 528 (quoting 17 U.S.C. § 512(c)). He recognized that Pinterest's users—rather than Pinterest itself—dictate what images are uploaded to, and hosted on, Pinterest's service. *See id.* at 518. And he held that any claim of infringement based on the display of those images arises by reason of Pinterest's storage of the user-supplied content and thus is foreclosed. *Id.* at 534; *see also id.* at 533 (contrary to Davis'

claim, Pinterest's use of automated processes to "facilitate users' access to" content did not oust Pinterest from the safe harbor).

Judge Gilliam also rejected Mr. Davis' attempt to belatedly supplement his list of alleged infringements. *Id.* at 527. He noted that Mr. Davis had long been on notice of the Court's infringement-identification deadline, but "ignored [that] deadline at his own hazard." *Id.* Nevertheless, Judge Gilliam went on to address Mr. Davis' additional allegations, specifically those based on notifications, on the merits. He expressly held that the DMCA barred Mr. Davis' infringement claims based on notifications just like all the other infringements that Mr. Davis asserted. *Id.* As he explained, Pinterest's notification messages do not contain copies of images; instead, "they contain *hyperlinks* to images on Pinterest's website and mobile application." *Id.* Any display of images resulting from notifications is a display from the Pinterest website arising by reason of the storage at the direction of a user of the images on Pinterest's service.[1] Accordingly, Mr. Davis' theory of infringement based on notifications "collapse[d] into" his arguments about Pinterest's service generally, and was barred by the DMCA. *Id.*

The Ninth Circuit affirmed Judge Gilliam's Order in full in a memorandum disposition issued just eleven days after his appeal was heard:

> Mr. Davis's copyright claim fails because Pinterest established that it is entitled to safe harbor protection under the Digital Millennium Copyright Act § 512(c). 17 U.S.C. § 512(c). Section 512(c) limits service providers' liability for infringement "by reason of the storage at the direction of a user." *Id.* § 512(c)(1). Mr. Davis's

---

[1] When a user opens a notification message that contains a hyperlink to an image, their messaging software may request that the computer hosting the linked-to image automatically supply the image to the user's computer. If the notification is *not* opened, if the user's messaging system is *not* configured to retrieve linked images, or if the image is otherwise *not* communicated to the user's computer, then no image would be displayed. *See Davis*, ECF No. 153-25, Ex. Y at 4; *see generally Davis*, 601 F. Supp. 3d at 527 (citing ECF No. 153-25, Ex. Y at 4). But where an image is actually requested, provided, and displayed, the operation is no different from a user's web browser requesting, receiving, and displaying the image from the Pinterest website.

> claim is for alleged infringement "by reason of the storage at the direction of a user" because Pinterest's content is uploaded entirely at the volition of the user, and Pinterest does not exercise judgment in what to host.

*Davis v. Pinterest, Inc.*, 2023 WL 5695992, at *1 (9th Cir. Sept. 5, 2023).

### B. Harrington's Duplicative Action

Harrington's counsel filed this case almost a year into the *Davis* action. The original complaint here was virtually identical to the complaint in *Davis*. The copyright infringement allegations were lifted almost word for word. Harrington simply tacked on class allegations and the CMI claim that Judge Gilliam denied Mr. Davis leave to assert. *Compare* ECF No. 1, *with Davis*, ECF No. 56.

Harrington mooted Pinterest's first motion to dismiss by amending his pleading. ECF No. 21. Pinterest again moved to dismiss, challenging Harrington's contributory infringement and CMI claims. ECF No. 24. This Court granted the motion, giving Harrington "one last opportunity to amend" to correct his pleading failures. ECF No. 39 at 5-12. Harrington dropped contributory infringement from his Second Amended Complaint (ECF No. 49, "SAC") but pressed the CMI claim, and Pinterest moved yet again to dismiss it (ECF No. 51). In a detailed Order, this Court tossed the CMI claim as inadequately pleaded. ECF No. 73. Although the Court had previously indicated that the SAC would be Harrington's last amendment, it afforded him another opportunity to amend the defective CMI claim. ECF No. 73 at 13.

Meanwhile, recognizing that the summary judgment decision in *Davis* would have great import for this case, the parties here stipulated to a stay pending that ruling. ECF No. 66. After Judge Gilliam granted Pinterest's summary judgment motion, Harrington agreed that "given the significant overlap between this action and the *Davis* action . . . this case should be further stayed" to await the Ninth Circuit's decision on Mr. Davis' appeal. ECF No. 71 at 2. The Court instructed the parties to "notify the Court within one week of resolution of the appeal in the *Davis* Action." ECF No. 73 at 13. After the Ninth Circuit affirmed Pinterest's complete win, the Court set a conference and asked for a Joint Status Report. Despite the Ninth Circuit's ruling, Harrington (now his estate following his passing) said he intended to proceed with this case, and

would seek leave to add "new individual plaintiffs." ECF No. 78 at 1. Harrington also said he would be "drop[ping] certain causes of action" and his "class allegations from the TAC." *Id.* On November 9, 2023, the Court held a Status Conference at which counsel for Pinterest explained that Judge Gilliam's opinion "should end this case." Nov. 9, 2023 Hr'g Tr. at 4:7-8; *see also id.* at 3:19-21 ("This case should be foreclosed by Judge Gilliam's decision in the *Davis v. Pinterest* case which Plaintiff's counsel was also counsel in."). Pinterest expressed doubt over how Harrington could amend to assert a viable claim, but agreed to consider a Proposed Third Amended Complaint ("PTAC"), and to a briefing schedule for Harrington's motion for leave to amend. ECF No. 79.

### C. The Proposed Third Amended Complaint

Harrington emailed Pinterest the PTAC on December 7, 2023. In his proposed pleading, Harrington inexplicably sought to add Mr. Davis as a co-plaintiff and to assert a single direct copyright infringement claim based on the display of user-uploaded images via notifications. *See, e.g.*, PTAC ¶¶ 11-16, 24. This was not merely the same claim Mr. Davis asserted and lost in his own action, but the PTAC rested upon ***precisely the same notification message*** that Mr. Davis had long ago referenced in the complaint for his case. *Compare* PTAC ¶ 32, Image 2, *with Davis*, ECF No. 56 ¶ 38, Image 6. Almost as confounding, despite his commitment in the Joint Status Report to "drop its class allegations from the TAC," Harrington proposed to pursue his infringement claim on behalf of a putative class and subclass of "professional photographers" around the globe (PTAC ¶ 49).

After Pinterest informed Harrington that it could not consent to the PTAC, he filed a makeweight motion to amend. The motion does not remotely explain how Harrington's case survives after *Davis*, much less why he should be granted leave to add Mr. Davis or a putative class and subclass of "professional photographers."

## II. ARGUMENT

Harrington seeks leave to amend to: (1) add Mr. Davis as a named plaintiff in this action; (2) allege a claim of direct copyright infringement based on notifications that Pinterest sends to its users; and (3) allege a putative class and subclass of "professional photographers." Each of

those proposed amendments is futile and should be rejected. *See Cisco Sys., Inc. v. Shenzhen Usource Tech. Co.*, 2021 WL 2139333, at *1 (N.D. Cal. May 26, 2021) (Davila, J.) (leave to amend should be denied where proposed amendments "constitute[] an exercise in futility" (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).[2] ***First***, the doctrine of res judicata bars Mr. Davis from injecting himself into this case to relitigate his infringement claim based on Pinterest's notifications. ***Second***, the PTAC's sole claim of direct copyright infringement based on Pinterest's notifications is foreclosed by *Davis*, regardless of whether it is brought by Mr. Davis, Harrington, or someone else. ***Third***, even if the PTAC asserted a viable claim, the putative copyright class and subclass cannot be certified given the myriad individualized issues that would overwhelm any class proceedings.

### A. The Court Should Reject Harrington's Attempt to Add Mr. Davis.

Having spent years litigating and losing his own action against Pinterest—through multiple rounds of dispositive motion briefing, a year of discovery, and an appeal—Mr. Davis now hopes to resurrect the claim he litigated and lost by joining Harrington's lawsuit. He cannot do so.

#### 1. Mr. Davis Litigated This Claim and Lost.

A proposed amendment is "futile if it would be immediately 'subject to dismissal'" under Rule 12(b)(6). *In re Volkswagen "Clean Diesel" Mktg.*, 328 F. Supp. 3d 963, 983 (N.D. Cal. 2018) (quoting *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998)). Futility can, "by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995) (citing *Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990)), *accord In re Volkswagen "Clean Diesel" Mktg.*, 328 F. Supp. 3d at 983. It does so here, because Mr. Davis' claim is barred by res judicata.

---

[2] "[A] district court's discretion to deny leave to amend is particularly broad where [as here] plaintiff has previously amended the complaint." *AF Holdings, LLC v. Doe*, 2012 WL 5426091 at *1 (N.D. Cal. Nov. 6, 2012) (Davila, J.) (quoting *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)).

The doctrine of res judicata "bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). Res judicata ensures "the conclusive resolution of disputes" and operates to "protect parties against being harassed by repetitive actions." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003). It applies if a previous suit "(1) involved the same 'claim' or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies." *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005). "It is immaterial whether the claims asserted subsequent to the judgment were actually pursued in the action that led to the judgment; rather, the relevant inquiry is ***whether they could have been brought***." *United States ex rel. Barajas v. Northrop Corp.*, 147 F.3d 905, 909 (9th Cir. 1998) (emphasis added).

The *Davis* action was between Pinterest and Mr. Davis, and it reached a final judgment on the merits. *See Davis v. Pinterest, Inc.*, 601 F. Supp. 3d 514 (N.D. Cal. 2022), *aff'd*, 2023 WL 5695992 (9th Cir. Sept. 5, 2023). Thus, the only question is whether the *Davis* action and the PTAC involve the same claim or cause of action. They do. In deciding that question, courts consider: "(1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions."*Mpoyo*, 430 F.3d at 987. The Ninth Circuit has repeatedly held "the common nucleus criterion" to be "outcome determinative." *Id.* at 988; *see also, e.g.*, *Owens*, 244 F.3d at 714 (applying res judicata based on the common-nucleus criterion, without considering any other factors). In most cases, the inquiry is "essentially the same as whether the claim could have been brought in the first action." *Turtle Island Restoration Network v. U.S. Dep't of State*, 673 F.3d 914, 918 (9th Cir. 2012).

Under that inquiry, Mr. Davis cannot possibly be added. He not only could have brought his notifications-based infringement claim in *Davis*, he actually did so, and lost. Both cases assert direct copyright infringement based on the same underlying facts: the display of Mr.

Davis' images in Pinterest notifications. Indeed, the PTAC here identifies only one instance of alleged infringement of Mr. Davis' work via a notification, and that ***exact instance*** of alleged infringement was included in the operative complaint in the *Davis* action. *Compare* PTAC ¶ 32, Image 2, *with Davis*, ECF No. 56 ¶ 38, Image 6.[3] Res judicata bars Mr. Davis from asserting his claim in the PTAC. An amendment purporting to enable Mr. Davis to assert that claim for a second time here is manifestly futile. *See, e.g.*, *Despanie v. Henderson*, 2001 WL 253213, at *4 (N.D. Cal. Feb. 28, 2001) (where the factual basis for the causes of action is identical, dismissing claims for res judicata in a second suit alleging the same causes of action as a prior suit), *aff'd*, 34 F. App'x 350 (9th Cir. 2002).

It would be just as futile for Mr. Davis to try to pursue alleged infringements of his works that he did not assert, for whatever reason, in his prior case. Under Judge Gilliam's Order, the specific alleged infringements made no difference. The DMCA barred all of his infringement claims against Pinterest regardless of which ones he actually pursued the first time, and irrespective of whether they are based on notifications.[4] The result would necessarily be the same

---

[3] Unsurprisingly, the other factors in the identity-of-claims analysis are all present. The *Davis* action and the PTAC concern the same right: public display over use of images in notifications *Compare* PTAC ¶ 62, *with Davis*, ECF No. 56 ¶ 85. Relitigation over that claimed right "necessarily would be duplicative." *See Dixon v. U.S. Postal Serv.*, 2011 WL 2748615, at *4 (N.D. Cal. July 14, 2011). And the evidence required would be identical. *See Davis*, 601 F. Supp. 3d at 520, 523 (discussing record evidence regarding the algorithmic notification process and alleged use of Mr. Davis' images in notifications).

[4] Even if, contrary to the ruling in *Davis*, a notifications-based infringement claim survived the DMCA, the place for Mr. Davis to litigate that claim was in his own action. Mr. Davis was free to assert whatever infringement claims he wanted there. He merely had to identify them to Pinterest by the deadline that Judge Gilliam set. *See Davis*, 601 F. Supp. 3d at 523-27. Yet Mr. Davis failed to do so ***even with respect to the notification that he previously included in his operative complaint***. He cannot invoke his own failure to abide by deadlines in his separate

(continued...)

1 here.[5]

2    **B.    The PTAC's Sole Claim Is Futile.**

3    Mr. Davis' prior action does not just foreclose *him* from asserting the claim alleged in the

4 PTAC. *Davis* confirmed that § 512(c) of the DMCA protects Pinterest's online operations,

5 including its notifications, against infringement claims based on the display of images that users

6 upload to the service. Those claims are legally foreclosed regardless of whether they are brought

7 by Mr. Davis, Harrington, or someone else. *See In re Volkswagen "Clean Diesel" Mktg.*, 328 F.

8 Supp. 3d at 983 (proposed amendment is "futile if it would be immediately 'subject to

9 dismissal'" (quoting *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998))).

10    According to Harrington, Pinterest "implicit[ly] recogni[zed]" that his direct infringement

11 claim was properly pleaded because Pinterest did not previously move to dismiss that claim as

12 alleged in prior complaints. Mot. at 5. But whether the claim might once have been plausible is

13 meaningless now in light of the *Davis* decision. As Harrington acknowledges, ***the parties agreed***

14 ***to stay this case for nearly two years to await the ruling and then the appeal in Davis*** because

15 they "anticipated that the *Davis* Action may impact the copyright infringement claim." Mot. at 2.

16 "May impact" is an understatement. Judge Gilliam's summary judgment opinion in *Davis* and its

17 affirmance on appeal leave nothing of Harrington's infringement claim to litigate.

18    The sole infringement theory Harrington seeks leave to now advance was squarely raised

19 and rejected in *Davis*. As Judge Gilliam explained, Pinterest's notifications do not themselves

20 ―――――――――――

21 action to justify bringing those same claims here. *See, e.g.*, *Mpoyo*, 430 F.3d at 988-89 (denying

22 the addition of new claims after the close of discovery precludes relitigation of those claims in a

23 new suit; "dilatoriness does not prevent application of res judicata in a subsequent action").

24    [5] It almost goes without saying that requiring Pinterest to relitigate an issue that has already

25 been "extensively litigated" in the *Davis* action would be unfairly prejudicial. *See Jackson v.*

26 *Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990) (affirming denial of leave to amend).

27 Pinterest should not again have to slog through burdensome discovery and briefing on Mr.

28 Davis' meritless claims. *See id.*

implicate any rights protected under the Copyright Act because they do not contain any copies of images. Instead, notifications "contain *hyperlinks* to images on Pinterest's website and mobile application." *Davis*, 601 F. Supp. 3d at 527. The PTAC acknowledges as much, alleging that notifications "hyperlink[] to . . . images that link back to Pinterest's own websites." PTAC ¶ 24; *see also id.* ¶ 25 ("Pinterest employs consistent and uniform technology with respect to ***all*** images incorporated into Notifications." (emphasis added)). "[H]yperlinking alone does not constitute copyright infringement, since it does not involve any actual copying." *Davis*, 601 F. Supp. 3d at 527 (quoting *eAdGear, Inc. v. Liu*, 2012 WL 2367805, at *12 (N.D. Cal. June 21, 2012)).

In his PTAC, Harrington, like Mr. Davis, tries to confuse the hyperlinking issue, claiming it is not the notification itself that is infringing, but rather the display of an image on a user's screen that may occur when a user interacts with the notification. *See supra* note 3; *see also* PTAC ¶ 62 (asserting violation of display right). But that too is unavailing, as Judge Gilliam clearly explained. Because Pinterest's notifications hyperlink "to images on Pinterest's website and mobile application," an infringement claim based on the display of those linked-to images in notifications "collapses into [the] argument that Pinterest infringes . . . copyrights by displaying images on the Pinterest website and mobile application." *Davis*, 601 F. Supp. 3d at 527. The Ninth Circuit confirmed that § 512(c) of the DMCA immunizes Pinterest from liability for displaying the user-uploaded images hosted on its website and mobile application. *Davis*, 2023 WL 5695992, at *1 ("Pinterest established that it is entitled to safe harbor protection under the Digital Millennium Copyright Act § 512(c).").[6] In other words, in light of *Davis*, § 512(c) of the

---

[6] Although Judge Gilliam's ruling directly addressed and disposed of the PTAC's notifications theory, the opinion's broader DMCA analysis also refutes that theory. As he detailed, service providers do not forfeit the DMCA's protections by employing algorithms to facilitate user access to the content on their service. *See Davis*, 601 F. Supp. 3d at 531 (§ 512(c) protects functions that "enhance users' accessibility to uploaded content"); *see also UMG Recordings, Inc. v. Shelter Cap. Partners LLC*, 718 F.3d 1006, 1016-18 (9th Cir. 2013) (§ 512(c)

(continued...)

DMCA bars Harrington's "display through notifications" theory as a matter of law.[7] Amendment to assert that claim here would be futile, and it would unduly prejudice Pinterest by subjecting it to "discovery and litigation on claims that are foreclosed." *Golden v. O'Melveny & Myers LLP*, 2020 WL 1640020, at *20 (C.D. Cal. Apr. 1, 2020), *aff'd*, 2021 WL 3466044 (9th Cir. Aug. 6, 2021).

### C. The Proposed Classes Could Not Be Certified

As explained above, *Davis* forecloses the PTAC's theory of infringement regardless of who brings it. But even if some claim were theoretically viable, Harrington's attempt to pursue that claim as a class action in the copyright context is a non-starter. That is why Judge Gilliam criticized Plaintiff's counsel's suggestion of a class action in this context, and why Harrington recently told Pinterest and the Court he planned to drop his class allegations. ECF No. 78 at 1.[8]

---

extends beyond user-directed storage of materials to encompass functions provided "*in order to make those materials accessible* to other Internet users"). That is all that Pinterest's notifications do. *See Davis*, 601 F. Supp. 3d at 520 ("[N]otifications alert users to content that Pinterest's algorithms have identified as being of possible interest to the user."). For this additional reason, § 512(c) bars the PTAC's claim.

[7] While *Davis'* application of § 512(c) to notifications should be the end of the matter, Harrington's proposed claim based on notifications is also barred by the *separate* DMCA safe harbor found in § 512(d). Section 512(d) shields Pinterest from liability for infringement claims that arise "by reason of [Pinterest] referring or linking users to" infringing material "by using information location tools, including . . . hypertext link." 17 U.S.C. § 512(d). Here, any allegedly infringing display of an image occasioned by a notification message plainly arises by reason of Pinterest linking users to that image in the notification. *See* PTAC ¶ 24 (notifications "hyperlink[] to" images stored elsewhere online).

[8] Harrington's claims he changed his mind about a class because the PTAC "narrows the class definition" from "[a]ll persons in the United States" to some undefined group of "professional photographers" (Mot. at 4, 6) around the globe. It is by no means clear that this

(continued...)

The law overwhelmingly rejects this gambit.

As Judge Donato recently explained in rejecting class certification in a DMCA copyright case, "[e]very copyright claim turns upon facts which are particular to that single claim of infringement, and separate from all the other claims. Every copyright claim is also subject to defenses that require their own individualized inquiries." *Schneider v. YouTube, LLC*, __ F. Supp. 3d __, 2023 WL 3605981, at *6 (N.D. Cal. May 22, 2023) (cleaned up); *see also id.* at *10 (holding that copyright "infringement claims will necessarily require highly individualized inquiries into the merits" of issues like whether "the challenged use falls within the scope of a valid license"). As he put it, "copyright claims are poor candidates for class-action treatment." *Id.* at *6. Another court was more blunt in rejecting certification in a DMCA case, calling it a "Frankenstein monster posing as a class action." *Football Ass'n Premier League Ltd. v. YouTube, Inc.*, 297 F.R.D. 64, 65 (S.D.N.Y. 2013). And the Ninth Circuit just reversed certification in a case holding that "individual issues of license and consent" alone precluded class treatment. *Kihn v. Bill Graham Archives LLC*, 2022 WL 18935, at *2 (9th Cir. Jan. 3, 2022).

Individualized issues would be on full display if this case were to proceed as even a putative class action. Among many other things, Pinterest would be entitled to individualized discovery and adjudications from each putative class member on:

- Whether they are a "professional photographer," however that phrase is defined;
- Whether they hold a valid copyright in some image under the laws of whatever country they live in;
- Whether the copyright to that image was registered with the United States Copyright Office, a general prerequisite to bringing suit;
- Whether the image appeared on Pinterest;
- Whether the copyright holder authorized the image to appear on Pinterest, whether expressly or implicitly, and whether directly to Pinterest or indirectly to some third party;

---

new class is any narrower. What is clear is that the new approach would inject a host of new complexities into the case, including numerous, individualized issues of foreign law.

- Whether the image was displayed as the result of a notification message to someone within the United States;
- Whether a claim based on display of the image is time barred;
- Whether a claim based on display of the image is barred by the DMCA;
- Whether a claim based on display of the image constitutes a fair use;
- Whether the alleged infringement caused any actual damages;
- Whether they satisfy the statutory prerequisites for statutory damages;
- Whether they failed to mitigate any such damages.

As countless courts, including those cited above, have recognized, litigation of these issues as a class is impossible.

Perhaps recognizing as much, the PTAC proposes a subclass of 36 "identified professional photographers." PTAC ¶ 49. But that does nothing to address the inherently individualized nature of a copyright claim or to reduce the massive litigation burdens such an action would entail. Further, the subclass of named individuals—an apparent attempt to circumvent Rule 20(a)—cannot be squared with the joinder rules. *E.g.*, *Cisco Sys.*, 2021 WL 2139333, at *1. Rule 20(a) permits the joinder of multiple plaintiffs into a single action only if (1) they assert a "right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences"; and (2) there exists a "question of law or fact common to all plaintiffs." Fed. R. Civ. P. 20(a)(1); *Visendi v. Bank of Am., N.A.*, 733 F.3d 863, 870 (9th Cir. 2013). As Judge Koh observed, the first element is essentially a predominance analysis. *Corley v. Google, Inc.*, 316 F.R.D. 277, 286 (N.D. Cal. 2016) ("[T]he predominance analysis under Rule 23(b) and the single transaction or occurrence analysis under Rule 20(a) may, in some instances, be two sides of the same coin."). And here, individualized issues overwhelm any that this group might theoretically have in common. *See, e.g.*, *Blackman v. Teespring, Inc.*, 2019 WL 7832600, at *2 (N.D. Cal. July 12, 2019) (denying joinder because "each claim of infringement will have to be resolved upon facts which are particular to that single claim of infringement and separate from all the other claims").

Whether analyzed under Rule 23 or Rule 20, copyright law poses insuperable barriers for plaintiffs seeking to aggregate their claims. It is perfectly appropriate for the Court to recognize that now, and bar the proposed amendment as futile. *See, e.g.*, *Rosell v. Wells Fargo Bank*, 2013 WL 4079178, at *6 (N.D. Cal. Aug. 1, 2013) (denying motion for leave to amend; the proposed complaint "d[id] not allege facts sufficiently plausible to suggest that the requirements of Rule 23 can be met"); *Rodriguez v. Instagram, LLC*, 2013 WL 3732883, at *3 (N.D. Cal. July 15, 2013) (same; the proposed class "will almost certainly be denied at the class certification stage"); *accord Wang v. Tesla, Inc.*, 338 F.R.D. 428, 435 (E.D.N.Y. 2021) (denying leave to amend because "the proposed class cannot be certified under Rule 23").

## **CONCLUSION**

For these reasons, Pinterest respectfully requests that the Court deny Harrington's motion for leave to amend.

Respectfully submitted,

Dated: January 18, 2024

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: _____*/s/ David H. Kramer*_____
      David H. Kramer

Attorneys for Defendant PINTEREST, INC.