UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAUREEN HARRINGTON,<br><br>Plaintiff,<br><br>v.<br><br>PINTEREST, INC.,<br><br>Defendant. | Case No.   5:20-cv-05290-EJD<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**<br><br>Re: Dkt. No. 82 |

Plaintiff, Maureen Harrington III ("Harrington"), brings this copyright infringement class action against Defendant, Pinterest, Inc. ("Pinterest"), arising from Pinterest's alleged unauthorized display of Harrington's photographic works. Second Am. Compl. ("SAC"), ECF No. 49. Before the Court is Harrington's motion for leave to file a third amended complaint ("TAC"). Mot. for Leave to File Third Am. Compl. ("Mot."), ECF No. 82. Pinterest filed an opposition, and Harrington filed a reply. Opp'n to Mot. (Opp'n"), ECF No. 84; Reply in Supp. of Mot. ("Reply"), ECF No. 85.

Having carefully reviewed the relevant documents, the Court finds this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons stated below, the Court **GRANTS** Harrington's motion for leave to file a TAC.

I.   **BACKGROUND**

Harrington filed his original complaint on July 31, 2020, alleging three causes of action individually and on behalf of a proposed class of all persons in the United States for (1) direct copyright infringement, (2) contributory copyright infringement, and (3) violation of the Digital Millennial Copyright Act ("DMCA"). Compl., ECF No. 1. On December 23, 2020, Pinterest

Case No.: 5:20-cv-05290-EJD
ORDER GRANTING MOT. FOR LEAVE TO FILE THIRD AM. COMPL.
1

1  moved to dismiss the contributory copyright infringement and DMCA violation claims, which the

2  Court granted with leave to amend on September 3, 2021.  Am. Order Granting Mot. to Dismiss

3  Counts II and III of Pl.'s First Am. Compl., ECF No. 40.  On October 17, 2021, Harrington filed

4  his second amended complaint, dropping the claim for contributory copyright infringement and

5  bringing only claims for direct copyright infringement and a violation of the DMCA.  *See* SAC.

6  On November 12, 2021, Pinterest again moved to dismiss the DMCA claim, which the Court

7  granted with leave to amend on September 19, 2022.  Order Granting Mot. to Dismiss Count II of

8  Pl.'s Second Am. Compl., ECF No. 73.  Harrington's claim for direct infringement remained.  *See*

9  *id.*

10  The Court did not set a filing deadline for the third amended complaint "because the

11  parties ha[d] stipulated to stay the case schedule pending resolution of the appeal" in *Davis v.*

12  *Pinterest*, *Inc.*, 601 F. Supp. 3d 514, 518 (N.D. Cal. 2022), *aff'd*, No. 22-15804, 2023 WL

13  5695992 (9th Cir. Sept. 5, 2023) ("*Davis* Action").  *Id.* at 13.  The plaintiff in the *Davis* Action

14  alleged that Pinterest engaged in copyright infringement by copying and displaying the plaintiff's

15  works on Pinterest's platform.  *Id.* at 518.  The district court granted summary judgment in

16  Pinterest's favor, finding, in relevant part, that the plaintiff was barred from bringing untimely

17  infringement theories based on Pinterest's notifications, and the plaintiff's copyright claim based

18  on Pinterest's display of his works on its platform failed because Pinterest was entitled to safe

19  harbor protection under the DMCA section 512(c).  *Id.* at 528–31.

20  On September 5, 2023, the Ninth Circuit affirmed the district court's grant of summary

21  judgment in the *Davis* Action.  The Ninth Circuit held that the district court did not abuse its

22  discretion in baring the plaintiff from bringing notification-based infringement theories and

23  confirmed that the DMCA section 512(c) immunizes Pinterest from liability for displaying the

24  user-uploaded images hosted on its website and mobile application.  *Davis*, 2023 WL 5695992, at

25  *1.  Shortly after, this action re-opened on October 4, 2023.  *See* ECF No. 75.

26  Harrington now seeks to file his TAC; however, he proposes amendments not discussed in

27  the Prior Order.  Specifically, Harrington seeks to: (1) drop the DMCA claim; (2) narrow the

28  Case No.: 5:20-cv-05290-EJD
ORDER GRANTING MOT. FOR LEAVE TO FILE THIRD AM. COMPL.
2

1    direct infringement claim in light of the *Davis* holding to allege only that Pinterest infringes on
2    Harrington's works through its email and push notifications, not through publication on its own
3    platform; (3) narrow the proposed class to only professional photographers and subclass of
4    specifically named professional photographers rather than "all persons in the US"; and (4) add
5    second name plaintiff, Harold Davis ("Davis"), a professional photographer who was identified in
6    the SAC as a member of the proposed class and who was the plaintiff in the *Davis* action. *See*
7    Mot.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course within 21 days of service of the pleading. Fed. R. Civ. P. 15(a)(1). After that period, amendment is permitted only with the opposing party's written consent or leave of the court. *Id*. at Rule 15(a)(2). Rule 15 instructs that "[t]he court should freely give leave when justice so requires." *Id*. This rule is applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

Courts commonly consider four factors when determining whether to grant leave to amend: (1) bad faith on the part of the movant; (2) undue delay; (3) prejudice to the opposing party; and (4) futility of the proposed amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC*, 316 F.3d at 1052. "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id*. (emphasis in original). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

## III. DISCUSSION

Pinterest does not argue that Harrington seeks to amend in bad faith, or that the amendment would result in undue delay or prejudice. Instead, Pinterest's entire opposition rests on the argument that any amendment to the direct infringement claim is futile. Specifically,

Case No.: 5:20-cv-05290-EJD
ORDER GRANTING MOT. FOR LEAVE TO FILE THIRD AM. COMPL.
3

Pinterest argues that: (1) adding Davis is futile under the doctrine of res judicata, (2) amendment is futile given the Ninth Circuit's holding in the *Davis* Action, and (3) re-defining the class is futile because Harrington will be unable to certify the proposed class. *See* Opp'n.

The Court finds that Pinterest's arguments fail to overcome Rule 15(a)'s presumption in favor of granting leave to amend. The Court will address each argument in turn.

### A.   Adding Davis as Named Plaintiff

First, Pinterest argues that adding Davis to the TAC is futile under the doctrine of res judicata because Davis already litigated, or had the opportunity to litigate, this claim in the *Davis* Action. Mot. 7–9.

Under the doctrine of res judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action or other issues that could have been raised in that proceeding. *See Allen v. McCurry*, 449 U.S. 90, 95 (1980); *Montana v. United States*, 440 U.S. 147, 153 (1979). In determining whether two suits involve the same claim or cause of action, courts generally look to whether the suits involve the same transactional nucleus of facts, whether the rights or interests established in the prior judgment would be destroyed or impaired by the second action, whether the suits encompass infringement of the same right, and whether the suits involve substantially the same evidence. *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005).

Here, it is true, as Pinterest highlights, that this action is quite similar to *Davis* in that both cases allege that Pinterest directly infringed on the copyrights of various artists' works. Indeed, the Parties agreed in their request to stay this case pending *Davis* that there was "significant overlap" between the cases, where *Davis* involved "a similar claim of direct copyright infringement against Pinterest." Joint Stip. and Proposed Order Regarding Case Schedule 2, ECF No. 70.

However, there is a key difference between the two litigations. Harrington's TAC alleges an infringement claim arising from Pinterest's notification system, which Harrington alleges publicly displayed copyrighted material outside of its platform through emails and push

Case No.: 5:20-cv-05290-EJD
ORDER GRANTING MOT. FOR LEAVE TO FILE THIRD AM. COMPL.
4

notifications. TAC ¶ 61 ("Defendant, without the permission or consent of Plaintiffs, the Class, or Subclass, incorporated their federally registered works in Notifications."). In contrast, Davis challenged the public display of his works in proximity to or in the same feed as promoted pins within Pinterest's platform in the *Davis* Action. *See Davis v. Pinterest*, Case No. 19-cv-07650-HSG (N.D. Cal. filed on Nov. 11, 2020), Second Am. Compl. ¶ 85, ECF No. 56 ("Defendant, without the permission or consent of Plaintiff, copied, distributed, and publicly displayed his federally registered, copyright protected works. Defendant's acts violated Plaintiff's exclusive rights under the Copyright Act."). In other words, Harrington's amended complaint alleges infringements through notifications *outside* of the platform, and *Davis* concerned infringement allegations *within* the platform. It appears that Davis attempted to allege the same notification-based infringement theory in the *Davis* Action, but Pinterest opposed, arguing that Davis missed his deadline to include new infringement theories. The district court agreed with Pinterest, finding that "instances of alleged infringement from Pinterest's notifications are not at issue in this case." *Davis*, 601 F. Supp. 3d at 527.

Given that Pinterest successfully opposed Davis litigating his notification-based infringement claim in the *Davis* Action, the Court finds that there was no final judgment on the merits which would bar Davis from raising that claim here.

### B. Futility of Infringement Claim

Next, Pinterest argues that amendment is futile because "Judge Gilliam's summary judgment opinion in *Davis* and its affirmance on appeal leave nothing of Harrington's infringement claim to litigate." Opp'n 10.

However, as discussed above, the district court never reached the issue of notification-based infringement—to the contrary, it clarified that "instances of alleged infringement from Pinterest's notifications are not at issue in this case." *Davis*, 601 F. Supp. 3d at 527. Pinterest relies in error on dicta from the district court which noted that, even if it did consider the notifications infringement theory despite Davis's delay, the court had concerns regarding how the notifications infringed given that the notifications only contained hyperlinks to the image, not the

Case No.: 5:20-cv-05290-EJD
ORDER GRANTING MOT. FOR LEAVE TO FILE THIRD AM. COMPL.
5

actual image. Opp'n 10 (citing *Davis*, 601 F. Supp. 3d at 527 ("Even if the Court were to consider the notifications sent to Pinterest users, however, it is not clear how they infringe Plaintiff's copyrights. The notifications do not appear to contain copies of Plaintiff's works. Rather, they contain hyperlinks to images on Pinterest's website and mobile application. Courts have held that 'hyperlinking alone does not constitute copyright infringement, since it does not involve any actual copying.'") (citations omitted)). This statement is far from, as Pinterest states, "directly" and "expressly" disposing of Davis's notifications theory, *id.* at 4, 11 n.6, or establishing that Harrington's notification theory is barred "as a matter of law," *id.* at 12.

Alternatively, Pinterest argues that the Ninth Circuit's confirmation that Section 512(c) of the DMCA immunizes Pinterest from liability for displaying the user-uploaded images hosted on its website and mobile application bars relief in this case. *Id.* at 11.

However, again as discussed above, neither the district court nor the Ninth Circuit directly addressed the question of whether the DMCA immunizes Pinterest from liability for sending notifications outside its platform that contain links directing the recipient to the images. It may be that the DMCA also immunizes Pinterest from liability for such actions, but at this stage, Pinterest has not established as a matter of law that Harrington's claim would be futile on this ground.

Given that the *Davis* Action explicitly declined to consider the Harrington's sole claim of notification-based infringement, the Court finds that the *Davis* Action does not render Harrington's case futile at this stage.

C.     **Issues with Class Certification**

Finally, Pinterest argues that Harrington should not be permitted to narrow the scope of the class because a class action is inappropriate for "the inherently individualized nature of a copyright claim," and the narrowed scope of the class still "does nothing to reduce the massive litigation burdens such an action would entail." Opp'n 14. However, the Court finds it premature to address Pinterest's class certification arguments at this early stage. *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) (noting the "unremarkable proposition that often the pleadings alone will not resolve the question of class certification"); *Albers v.*

Case No.: 5:20-cv-05290-EJD
ORDER GRANTING MOT. FOR LEAVE TO FILE THIRD AM. COMPL.
6

*Yarbrough World Solutions, LLC*, 2020 WL 6064334, at *11 (N.D. Cal. Oct. 14, 2020) (finding it premature for a defendant to challenge class certification through an opposition to a motion for leave to amend) (citing *Walintukan v. SBE Entm't Grp., LLC*, Case No. 16-cv-01311-JST, 2017 WL 635278, at *3 (N.D. Cal. Feb. 15, 2017) (same)).

## IV. CONCLUSION

Based on the foregoing, the Court **GRANTS** Harrington's motion for leave to file a third amended complaint. Harrington is ordered to file the TAC attached at ECF No. 82 by March 6, 2024.

**IT IS SO ORDERED.**

Dated: February 28, 2024

EDWARD J. DAVILA
United States District Judge