1  DAVID H. KRAMER, SBN 168452
   Email: dkramer@wsgr.com
2  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
3  650 Page Mill Road
   Palo Alto, CA 94304-1050
4  Telephone: (650) 493-9300

5  *Counsel for Defendant*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAUREEN HARRINGTON, as the representative of the Estate of Blaine Harrington III, and HAROLD DAVIS, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PINTEREST, INC.,<br><br>Defendant. | CASE NO.: 5:20-cv-05290-EJD<br><br>**DEFENDANT PINTEREST, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED COMPLAINT**<br><br>Date: August 29, 2024<br>Time: 9:00 A.M.<br>Judge: Honorable Edward J. Davila<br>Location: San Jose, Courtroom 4<br><br>Complaint Filed: March 4, 2024 |

Defendant Pinterest, Inc. ("Pinterest") hereby requests that the Court take judicial notice of an email thread between Pinterest's and Plaintiffs' counsel, which is submitted as **Exhibit A** to the Declaration of Thomas R. Wakefield in Support of Pinterest's Request for Judicial Notice. The relevant excerpt is highlighted for the Court's convenience. As set forth below, Exhibit A is subject to judicial notice under Fed. R. Evid. 201.

## DISCUSSION

"A district court may consider material outside the pleadings without converting a motion to dismiss into a motion for summary judgment under . . . the doctrine of judicial notice codified in Federal Rule of Evidence 201." *Enigma Software Grp. USA LLC v. Malwarebytes Inc.*, 2024 WL 2883671, at *4 (N.D. Cal. June 6, 2024) (Davila, J.). Fed. R. Evid. 201(b) allows for judicial notice of facts that are "not subject to reasonable dispute," including those that can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id.* (citing *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018)).

Courts within this District routinely take judicial notice of communications between counsel in the action. *See, e.g.*, *Californians for Alts. to Toxics v. Kernen Constr. Co.*, 2017 WL 35515, at *1 n.2 (N.D. Cal. Jan. 4, 2017); *Hayward Prop., LLC v. Commonwealth Land Title Ins. Co.*, 2018 WL 11365567, at *3-4 (N.D. Cal. Nov. 27, 2018); *see also Rizvi v. BMW of N. Am. LLC*, 2020 WL 2992859, at *2 (N.D. Cal. June 4, 2020) (Davila, J.) (taking judicial notice of a document attached to counsel communication). Here, Pinterest respectfully requests that this Court take judicial notice of an email thread between Sue J. Nam, counsel for Plaintiffs, and Thomas R. Wakefield, counsel for Pinterest, that took place between October 17, 2023 and October 26, 2023, which formed the basis of parties' Joint Status Report, ECF No. 78. Ms. Nam, in an email dated October 23, 2023 from the thread, stated that:

> Finally, we want to discuss streamlining this case. We agree that we do not need to re-cover the discovery in *Davis*. We propose that the parties cut to the chase and obtain a ruling on whether the DMCA shields Pinterest's notifications, either on Pinterest's motion to dismiss or on summary judgment, without further discovery.

Exhibit A at 5.

|   |   |
|---|---|
| | Respectfully submitted, |
| Dated: June 17, 2024 | WILSON SONSINI GOODRICH & ROSATI<br>Professional Corporation |
| | By: */s/ David H. Kramer*<br>　　　David H. Kramer<br>　　　dkramer@wsgr.com<br>　　　Thomas R. Wakefield<br>　　　twakefield@wsgr.com<br>　　　Andrew T. Kramer<br>　　　akramer@wsgr.com<br>　　　Qifan Huang<br>　　　qhuang@wsgr.com |
| | *Attorneys for Defendant* PINTEREST, INC. |