1  DAVID H. KRAMER, SBN 168452
   Email: dkramer@wsgr.com
2  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
3  650 Page Mill Road
   Palo Alto, CA 94304-1050
4  Telephone:  (650) 493-9300

5  *Counsel for Defendant*
   *PINTEREST, INC.*

6

7                    UNITED STATES DISTRICT COURT

8                   NORTHERN DISTRICT OF CALIFORNIA

9                        SAN JOSE DIVISION

10

11 MAUREEN HARRINGTON, as the                ) CASE NO.:  5:20-cv-05290-EJD
   representative of the Estate of Blaine Harrington )
12 III, and HAROLD DAVIS, on behalf of       ) **DEFENDANT PINTEREST, INC.'S**
   themselves and others similarly situated, ) **REPLY IN SUPPORT OF REQUEST**
13                                            ) **FOR JUDICIAL NOTICE**
                Plaintiffs,                   )
14                                            )
          v.                                  )
15                                            ) The Honorable Edward J. Davila
   PINTEREST, INC.,                           )
16                                            )
                Defendant.                    )
17                                            )
                                              )
18                                            )
                                              )
19 _____  )

20

21

22

23

24

25

26

27

28

In connection with its Motion to Dismiss, Pinterest has requested that the Court take judicial notice of an email exchange between the parties' counsel in which Plaintiffs' counsel proposed "streamlining this case" by "cut[ting] to the chase and obtain[ing] a ruling on whether the DMCA shields Pinterest's notifications, either on Pinterest's motion to dismiss or on summary judgment, without further discovery." ECF No. 95-2. Plaintiffs object to the judicial notice request on two grounds, both of which miss the mark.

*First*, Plaintiffs claim that Pinterest's request seeks to "introduc[e] new issues for the first time on reply." ECF No. 96 at 1. Not so. Pinterest sought judicial notice in direct response to Plaintiffs' argument, raised in their Opposition to Pinterest's Motion to Dismiss, that Pinterest's motion is procedurally improper. *See* ECF No. 93 at 4-5. The email exchange shows that Plaintiffs ***agreed*** that this action can, and should, be resolved on a motion to dismiss because Mr. Davis' prior action resolved the threshold DMCA issues that Plaintiffs suddenly claim could be contested.

*Second*, Plaintiffs suggest that their counsel's own words are somehow subject to dispute. But Plaintiffs do not actually dispute the authenticity of the email exchange or that their counsel urged "obtain[ing] a ruling on whether the DMCA shields Pinterest's notifications . . . on Pinterest's motion to dismiss . . . without further discovery." Nor could they. Counsel's statement speaks for itself and is the proper subject of judicial notice. *See* ECF No. 95, Request for Judicial Notice at 1; *Californians for Alts. to Toxics v. Kernen Constr. Co.*, 2017 WL 35515, at *1 n.2 (N.D. Cal. Jan. 4, 2017).

Plaintiffs' objections (and their rhetoric) are meritless. Pinterest respectfully requests that the Court take judicial notice of Plaintiffs' counsel's email urging Pinterest and the Court to proceed via the motion to dismiss that Pinterest has filed.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

Dated:  June 25, 2024

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:   */s/ David H. Kramer*
        David H. Kramer
        dkramer@wsgr.com
        Thomas R. Wakefield
        twakefield@wsgr.com
        Andrew T. Kramer
        akramer@wsgr.com
        Qifan Huang
        qhuang@wsgr.com

*Counsel for Defendant PINTEREST, INC.*