UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAUREEN HARRINGTON, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PINTEREST, INC.,<br><br>Defendant. | Case No.  5:20-cv-05290-EJD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: Dkt. No. 92 |

Plaintiffs Maureen Harrington III ("Harrington") and Harold Davis ("Davis") (collectively, "Plaintiffs") bring this copyright infringement class action against Defendant Pinterest, Inc., ("Pinterest") arising from Pinterest's alleged unauthorized display of Plaintiffs' photographic works in its notifications to users outside of its website.  Third Am. Compl. ("TAC"), ECF No. 88.  Before the Court is Pinterest's motion to dismiss Plaintiffs' third amended complaint ("TAC").  Mot. to Dismiss ("MTD"), ECF No. 92.  This motion is fully briefed.  Opp'n to MTD, ECF No. 93; Reply in Supp. of MTD, ECF No. 94.

Having carefully reviewed the relevant documents, the Court finds this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b).  For the reasons stated below, the Court **GRANTS IN PART** and **DENIES IN PART** Pinterest's motion to dismiss.

I.   **BACKGROUND**

After a series of motions to dismiss, Plaintiffs now bring one cause of action for direct copyright infringement on behalf of themselves and a class of other professional photographers whose federally registered copyrighted works were publicly displayed by Pinterest in notifications outside of its website.  TAC ¶¶ 49, 59–67.

Case No.: 5:20-cv-05290-EJD
ORDER GRANTING IN PART AND DEN. IN PART MOT. TO DISMISS
1

### A. New Allegations

The TAC differs from the SAC in two ways relevant to the Court's analysis here.

First, the TAC adds Davis as a plaintiff. Davis is a digital artist and professional photographer known for his floral arrangements. *Id.* ¶¶ 12–15. He is the sole copyright owner of his photographic works, which are registered with the United States Copyright Office. *Id.* ¶ 16. One such copyrighted work is called "Flowers of Spring Desire." *Id.* ¶ 32.

Second, the TAC narrows the alleged instances of infringement. Harrington previously claimed that Pinterest's conduct *within* its platform infringed on his copyrighted works. Now Plaintiffs only challenge Pinterest's conduct *outside* of its platform, namely, Pinterest's notifications sent to users by mobile push notifications, desktop push notifications, and SMS. *See* TAC ¶¶ 24–33. Plaintiffs essentially allege that Pinterest published their copyrighted works without permission when it sent users copies of their images with embedded links. *Id.*

### B. The *Davis* Action

In its motion to dismiss, Pinterest argues that the TAC must be dismissed as to Davis under the doctrine of claim preclusion, and dismissed in its entirety because Pinterest's conduct is protected under the Digital Millennium Copyright Act's ("DMCA") safe-harbor provision. Central to both arguments is a recent Ninth Circuit decision, *Davis v. Pinterest, Inc.* ("*Davis II*"), No. 22-15804, 2023 WL 5695992, at *1 (9th Cir. Sept. 5, 2023), which affirmed a district court's order granting summary judgment in favor of Pinterest and against Davis in *Davis v. Pinterest*, *Inc.* ("*Davis I*"), 601 F. Supp. 3d 514, 518 (N.D. Cal. 2022) (*Davis I* and *Davis II* collectively referred to as "*Davis*").

In *Davis*, Davis alleged that Pinterest engaged in copyright infringement by copying and displaying his copyrighted works inside its platform, similar to Harrington's original theory in this case. *Davis I*, 601 F. Supp. 3d at 518. The district court granted summary judgment in Pinterest's favor, finding in relevant part that Pinterest's conduct *inside* its platform was protected under the DMCA safe-harbor provision. *Id.* at 528–31. The court also notably declined Davis's request to consider allegations that Pinterest infringed by publishing his works in notifications *outside* of its

Case No.: 5:20-cv-05290-EJD
ORDER GRANTING IN PART AND DEN. IN PART MOT. TO DISMISS
2

platform, finding that he missed his deadline to raise this issue. *Id.* at 527. However, the court noted that, even if it did consider the notifications infringement theory, it had concerns regarding how the notifications could have infringed Davis's copyright given that the notifications only contained hyperlinks to the image, not the actual image. *Id.* ("Even if the Court were to consider the notifications sent to Pinterest users, however, it is not clear how they infringe Plaintiff's copyrights. The notifications do not appear to contain copies of Plaintiff's works. Rather, they contain hyperlinks to images on Pinterest's website and mobile application. Courts have held that 'hyperlinking alone does not constitute copyright infringement, since it does not involve any actual copying.'") (citations omitted)).

In affirming *Davis I*, the Ninth Circuit confirmed that the DMCA section 512(c) immunizes Pinterest from liability for displaying the user-uploaded images hosted on its website and mobile application. *Davis II*, 2023 WL 5695992, at *1. The court also held that the district court did not abuse its discretion in baring Davis from bringing his notification-based infringement claims. *Id.*

C.   **Procedural History**

This case had been stayed pending the Ninth Circuit's decision in *Davis II* and re-opened on October 4, 2023. *See* ECF No. 75. Upon re-opening, Harrington requested leave to file the TAC so he could add Davis as a named plaintiff and narrow his infringement allegations to conduct *outside* of Pinterest's platform. Mot. for Leave, ECF No. 82. Pinterest opposed granting leave to amend, arguing that amendment would be futile because the Ninth Circuit in *Davis II* held that Pinterest's conduct is protected by the DMCA safe-harbor provision, and specifically as to Davis, because issue preclusion barred Davis from re-litigating his notification-based infringement claim here. Opp'n to Mot. for Leave, ECF No. 84.

The Court granted Plaintiffs' motion for leave to file the TAC. Order Granting Mot. for Leave, ECF No. 87. The Court found in relevant part that *Davis* did not render a judgment on Davis's allegations of infringement outside of Pinterest's platform—*Davis* explicitly held that notification-based infringement was not before it because Davis did not timely raise it. *Id.* Instead, *Davis* held that Pinterest's conduct inside its platform is protected by the DMCA safe-harbor

Case No.: 5:20-cv-05290-EJD
ORDER GRANTING IN PART AND DEN. IN PART MOT. TO DISMISS
3

1  provision. *Id.* Thus, Davis was not subject to issue preclusion, and the question of whether the
2  DMCA safe-harbor provision applied to conduct outside of Pinterest's platform remained
3  unanswered. *Id.* Accordingly, in applying Rule 15 with "extreme liberality," the Court granted
4  leave to file the TAC, finding that Pinterest failed to show that filing the TAC would be futile. *Id.*

## II. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a plaintiff need not offer detailed factual allegations to meet this standard, she is required to offer "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In other words, a complaint must (1) "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The court must generally accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S at 664. The court also must construe the alleged facts in the light most favorable to the plaintiff. *See Retail Prop. Trust v. United Bd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014) ("[The court] must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party."). However, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678.

If the court concludes that a 12(b)(6) motion should be granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (quotation omitted).

## III. DISCUSSION

The Court will discuss in turn Pinterest's arguments regarding Davis as a plaintiff and the applicability of the DMCA safe-harbor provision.

Case No.: 5:20-cv-05290-EJD
ORDER GRANTING IN PART AND DEN. IN PART MOT. TO DISMISS
4

### A.  Claim Preclusion

Pinterest raises a new argument here. In Pinterest's previous brief opposing Plaintiffs' motion for leave to file the TAC, Pinterest focused its res judicata arguments on the doctrine of issue preclusion. Pinterest contended that *Davis* already rejected Davis's claims for notification-based infringement because it found that Pinterest's conduct was protected by the DMCA safe-harbor provision. Opp'n to Mot. for Leave 8. The Court rejected this argument, finding that *Davis* did not address claims for notification-based infringement. Order Granting Mot. for Leave. 5. Now, Pinterest moves away from its argument that *Davis* already decided the issues raised here, instead arguing that claim preclusion forbids Davis from litigating claims that he *could have brought* in *Davis*, regardless of whether he did in fact raise them.[1]

Upon consideration of Pinterest's new argument, the Court finds that Davis's claims here are precluded under the doctrine of claim preclusion.

Claim preclusion under federal law applies when three elements are met: "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Plan. Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003) (internal quotation marks omitted) (quoting *Stratosphere Litig. L.L.C. v. Grand Casinos, Inc.*, 298 F.3d 1137, 1143 n. 3 (9th Cir. 2002)). The Court finds all three elements satisfied here.

First, "[i]dentity of claims exists when two suits arise from 'the same transactional nucleus of facts.'" *Id.* at 1078. This includes any claims that "could have been brought" in the action, regardless of whether they "were actually pursued." *U.S. ex rel. Barajas v. Northrop Corp.*, 147 F.3d 905, 909 (9th Cir. 1998).

Here, the relevant "transactional nucleus of facts" governing the claims in *Davis* and the claims here are Pinterest's alleged infringement of Davis's copyrighted works. Davis's

---

[1] Although Pinterest briefly cited this standard in its prior filing, Pinterest failed to make any arguments in furtherance of claim preclusion until now. The Court is not tasked with deciding issues the parties do not properly raise before it. *See Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir.2003) ("Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court . . . . [W]e have held firm against considering arguments that are not briefed."). Pinterest is cautioned to present all relevant arguments at the first opportunity moving forward to avoid unnecessarily wasting time and judicial resources in the future.

Case No.: 5:20-cv-05290-EJD
ORDER GRANTING IN PART AND DEN. IN PART MOT. TO DISMISS

5

complaints in both cases even cite to the same instance of alleged infringement—a June 5, 2020, email displaying his copyrighted work, "Flowers of Spring Desire." TAC ¶ 32 ("The following is an example of an email that Pinterest sent on June 5, 2020, displaying Mr. Davis's federally registered work, 'Flowers of Spring Desire.'"); *Davis I*, Compl., ¶ 38 ("The following is an example of an email that Pinterest sent on June 5, 2020, displaying Plaintiff's federally registered work, 'Flowers of Spring Desire' . . . .").[2] However, in accordance with the *Davis I* court's scheduling order, Davis's final list of instances of infringement did not include this email displaying "Flowers of Spring Desire," or any other instance of infringement outside of Pinterest's platform—Davis's list included only instances of infringement within Pinterest's platform. *Davis I*, 601 F. Supp. 3d at 524–27. Davis later attempted to include instances of infringement outside of Pinterest's platform in his summary judgment briefing, but the court found that he was too late. *Id.* at 526. Finding that Davis's delay was not substantially justified, and re-opening discovery would cause harm to Pinterest, *Davis I* precluded Davis from raising the instances of infringement he seeks to now raise here. *Id.* at 526–27. The Ninth Circuit affirmed this decision in *Davis II*.

      Davis does not allege that his claims here raise any new instances of infringement, new copyrighted works, newly discovered conduct, or any other changed circumstances since *Davis*. As it stands, it appears that all facts alleged here existed at the time of *Davis* and arise out of the same transactional nucleus of facts presented in *Davis*. The fact that *Davis* precluded him from litigating instances of infringement outside of Pinterest's platform due to his inexcusable delay does not negate the fact that Davis *could have brought* those claims had he been timely. Finding any different would circumvent the entire purpose of the Federal Rules of Civil Procedure—"to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. Pro. 1; *see also Tahoe-Sierra*, 322 F.3d at 1077 ("[A] rule precluding parties from the contestation of matters already fully and fairly litigated conserves judicial resources and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions.") (internal

---

[2] The Court sua sponte takes judicial notice of the complaint in *Davis I* pursuant to Fed. R. Evid. 201(c)(1).

Case No.: 5:20-cv-05290-EJD
ORDER GRANTING IN PART AND DEN. IN PART MOT. TO DISMISS
6

quotation marks omitted).

Second, while the *Davis* court did not enter a final judgment on the instances of notification-based infringement, it did enter final judgment on his direct copyright infringement claim. *Davis I*, 601 F. Supp. at 526 ("[P]recluding Plaintiff from introducing instances of alleged infringement [in Pinterest's notifications] does not amount to the dismissal of a cause of action. Plaintiff's claim for direct copyright infringement remains, even without the introduction of new instances of infringement."); Order Granting Mot. for Leave 5 (finding no final judgment on notification-based theory). Final judgment on the merits of a claim arising under the same nucleus of facts is sufficient to satisfy this second element of claim preclusion.

Third, the parties are more than privy—they are identical. Davis brings claims against Pinterest in both cases.

Therefore, the Court **GRANTS** Pinterest's motion to dismiss Davis from this action. Because this case arises out of the same transactional nucleus of facts as *Davis*, the Court finds that further amendment is futile and therefore dismisses Davis's claim without leave to amend. *Lopez*, 203 F.3d at 1127.

**B.     DMCA Immunization**

Next, Pinterest argues that the entire TAC should be dismissed because the Ninth Circuit in *Davis II* held that Pinterest's conduct is protected under the DMCA safe-harbor provision.

However, as the Court discussed above and in its prior order, the Ninth Circuit did not examine instances of infringement outside of Pinterest's platform. While *Davis* certainly educates the Court's analysis, it does not end it at this stage. *See* Order Granting Mot. for Leave 6 ("It may be that the DMCA also immunizes Pinterest from liability for such actions, but at this stage, Pinterest has not established as a matter of law that Harrington's claim would be futile on this ground.").

Further, even if dispositive, *Davis* only reached its conclusion after reviewing the complete factual record. A defense under the DMCA safe-harbor provision is a fact intensive inquiry, often inappropriate to resolve in a motion to dismiss. *Hunley v. Instagram, LLC*, 73 F.4th 1060, 1072

Case No.: 5:20-cv-05290-EJD
ORDER GRANTING IN PART AND DEN. IN PART MOT. TO DISMISS
7

(9th Cir. 2023). Pinterest essentially asks the Court to take judicial notice of the factual findings in *Davis*, find those facts to be true, and apply them here, but this is would effectively transform this motion to dismiss into a motion for summary judgment.

The Court recognizes that the parties stayed this case pending the Ninth Circuit's decision in *Davis II*, believing it may be dispositive, and may have even had an understanding that if it was dispositive, this issue could be addressed in a motion to dismiss or motion for summary judgment.[3] However, the Court cannot rule on this issue in a motion to dismiss with no factual record or stipulation to a set of facts. If the parties intend to take discovery from *Davis* or stipulate to the facts determined in *Davis*, the parties may do so and return to address this question in a proper motion.

Therefore, the Court **DENIES** Pinterest's motion to dismiss Harrington's claim under the DMCA safe-harbor provision.

IV. **CONCLUSION**

Based on the foregoing, the Court **GRANTS** Pinterest's motion to dismiss Davis from this case and **DENIES** Pinterest's motion to dismiss Harrington's remaining claim for direct copyright infringement.

**IT IS SO ORDERED.**

Dated: December 16, 2024

EDWARD J. DAVILA
United States District Judge

---

[3] The Court finds the email exchanges between the parties regarding proposed procedures for resolving the DMCA safe-harbor provision irrelevant to the Court's analysis, and sanctions inappropriate under these circumstances. The Court is bound by the Federal Rules of Civil Procedures, not insinuations in the parties' communications. Accordingly, the Court need not rule on Pinterest's request for judicial notice, ECF No. 95, at this time.

Case No.: 5:20-cv-05290-EJD
ORDER GRANTING IN PART AND DEN. IN PART MOT. TO DISMISS
8