1  DAVID H. KRAMER, SBN 168452
   Email: dkramer@wsgr.com
2  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
3  650 Page Mill Road
   Palo Alto, CA 94304-1050
4  Telephone:  (650) 493-9300

5  *Counsel for Defendant*
   *PINTEREST, INC.*

6

7                  UNITED STATES DISTRICT COURT

8                  NORTHERN DISTRICT OF CALIFORNIA

9                       SAN JOSE DIVISION

10

11  MAUREEN HARRINGTON, as the              )   CASE NO.:  5:20-cv-05290-EJD
    representative of the Estate of Blaine Harrington  )
12  III, and HAROLD DAVIS, on behalf of     )   **DEFENDANT PINTEREST, INC.'S**
    themselves and others similarly situated,  )   **ANSWER TO PLAINTIFF'S THIRD**
13                                          )   **AMENDED CLASS ACTION**
               Plaintiffs,                  )   **COMPLAINT**
14                                          )
          v.                                )
15                                          )
    PINTEREST, INC.,                        )   The Honorable Edward J. Davila
16                                          )
               Defendant.                   )
17                                          )
                                            )
18                                          )
                                            )
19  _____ )

20

21

22

23

24

25

26

27

28

**PRELIMINARY STATEMENT**

Defendant Pinterest, Inc. ("Defendant") hereby answers the Third Amended Complaint ("TAC").

To the extent the Paragraphs of the TAC ("Paragraphs") are grouped under headings and subheadings, Defendant responds generally that such headings and subheadings (some of which are repeated below for reference only and which do not constitute admissions) state legal conclusions to which no response is required. To the extent a response is required, Defendant denies each and every heading and subheading in the TAC and incorporates by reference this response in each Paragraph below as if fully set forth herein.

Defendant further objects that, rather than a short and plain statement of Plaintiff's[1] allegations and claims required by Federal Rule of Civil Procedure 8, the TAC is a narrative with paragraph after paragraph of advocacy, including images embedded into the TAC accompanied by mark-ups and captions. The complex rhetoric and built-in assumptions in the TAC make straightforward responses often impossible.

Except as expressly admitted herein, Defendant denies any and all allegations as set forth in the TAC. Defendant expressly reserves the right to amend and/or supplement its Answer as may be necessary. Defendant further answers the numbered Paragraphs in the TAC as follows:

**INTRODUCTION**

1.      Defendant admits that it was incorporated in 2008 and that it has hundreds of millions of monthly active users. Defendant denies the remaining allegations in Paragraph 1.

2.      Defendant denies the allegations in Paragraph 2.

3.      Defendant admits that it enables Pinterest users to "pin" images from the internet and elsewhere and that users have saved billions of images on the service. Defendant denies the remaining allegations in Paragraph 3.

4.      Defendant denies the allegations in Paragraph 4.

---

[1] Blaine Harrington III brought this case in his personal capacity. Maureen Harrington III, as representative of Mr. Harrington's estate, was substituted as plaintiff following Mr. Harrington's death. ECF No. 77. For purposes of this Answer, the term "Plaintiff" refers to Mr. Harrington and/or his estate, as applicable.

5.    Defendant denies the allegations in Paragraph 5.

6.    Defendant admits that the TAC purports to assert a claim for copyright infringement.  Defendant denies that the TAC alleges adequate factual or legal predicates for that claim and otherwise denies the allegations in Paragraph 6.

## PARTIES

**A.    Plaintiff Maureen Harrington**

7.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 and, on that basis, denies them.

8.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8 and, on that basis, denies them.

9.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9 and, on that basis, denies them.

10.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10 and, on that basis, denies them.

**B.    Plaintiff Harold Davis**

11.    There are no allegations to answer in this paragraph because the allegations pertain solely to Harold Davis, who has been dismissed from the action with prejudice.  ECF No. 100 at 7.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 and, on that basis, denies them.

12.    There are no allegations to answer in this paragraph because the allegations pertain solely to Harold Davis, who has been dismissed from the action with prejudice.  ECF No. 100 at 7.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 and, on that basis, denies them.

13.    There are no allegations to answer in this paragraph because the allegations pertain solely to Harold Davis, who has been dismissed from the action with prejudice.  ECF No. 100 at 7.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 and, on that basis, denies them.

14.     There are no allegations to answer in this paragraph because the allegations pertain solely to Harold Davis, who has been dismissed from the action with prejudice.  ECF No. 100 at 7.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14 and, on that basis, denies them.

15.     There are no allegations to answer in this paragraph because the allegations pertain solely to Harold Davis, who has been dismissed from the action with prejudice.  ECF No. 100 at 7.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 and, on that basis, denies them.

16.     There are no allegations to answer in this paragraph because the allegations pertain solely to Harold Davis, who has been dismissed from the action with prejudice.  ECF No. 100 at 7.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 and, on that basis, denies them.

**C.      Defendant Pinterest**

17.     Defendant admits the allegations in Paragraph 17.

18.     Defendant admits that it owns and operates the online domains listed in Paragraph 18.  Defendant denies that it is "solely responsible for the content of its websites" and otherwise denies the remaining allegations in Paragraph 18.

## JURISDICTION AND VENUE

19.     Defendant admits the allegations in Paragraph 19.

20.     Defendant admits that this Court has personal jurisdiction over it for this matter because it is headquartered in this judicial district.  Paragraph 20 otherwise sets forth legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the remaining allegations in Paragraph 20.

21.     Defendant admits that venue is proper in this forum.  Paragraph 21 otherwise sets forth legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the remaining allegations in Paragraph 21.

**ALLEGATIONS COMMON TO ALL CLAIMS**

22.    Defendant admits that: it enables Pinterest users to create boards to which they can save images and videos; users can have multiple boards; and users can browse, share, and in some cases react to other users' boards, saved images, and videos.  Defendant denies the remaining allegations in Paragraph 22.

23.    Responding to the first sentence, Defendant admits that it hosts user-saved (or "organic") Pins, some of which advertisers use as advertising (or "promoted") Pins.  Responding to the second sentence, Defendant admits that it hosts Pins on Pinterest servers.  Responding to the third sentence, Defendant admits that its service has a search function.  Defendant denies the remaining allegations in Paragraph 23.

24.    Defendant admits that Pinterest's notification messages hyperlink to images that other Pinterest users have saved to Pinterest's service and that reside on Pinterest's servers.  Defendant denies the remaining allegations in Paragraph 24.

25.    Defendant admits that all notification messages sent by Pinterest hyperlink to images that other Pinterest users have saved to Pinterest's service and that reside on Pinterest's servers.  Defendant denies the remaining allegations in Paragraph 25.

26.    Defendant admits that advertisements are shown on certain surfaces on its service.  Defendant denies the remaining allegations in Paragraph 26.

27.    Defendant admits the allegations in Paragraph 27.

28.    Defendant denies the allegations in Paragraph 28.

29.    Defendant denies the allegations in Paragraph 29.

30.    Defendant admits that it generates revenue from advertising.  Defendant denies the remaining allegations in Paragraph 30.

31.    Defendant denies the allegations in Paragraph 31.[2]

---

[2] To the extent Plaintiff incorporates images and captions into his allegations, as it does here and elsewhere in the TAC, Defendant states that such material fails to include sufficient identifying information (e.g., URLs) and thus leaves Defendant without knowledge or information sufficient to form a belief about the truth of those images and captions.  On that basis, Defendant denies any allegations or assertions made by way of the images unless stated otherwise.

32.     There are no allegations to answer in this paragraph because the allegations pertain solely to Harold Davis, who has been dismissed from the action with prejudice.  ECF No. 100 at 7.  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 and, on that basis, denies them.

33.     Paragraph 33 sets forth legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 33.

34.     Paragraph 34 sets forth legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 34.

35.     Paragraph 35 sets forth legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 35.

36.     Paragraph 36 sets forth legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 36.

37.     Paragraph 37 sets forth legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 37.

38.     Paragraph 38 sets forth legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 38.

39.     Paragraph 39 sets forth legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 39.

40.     Paragraph 40 sets forth legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 40.

41.     Paragraph 41 sets forth legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 41.

42.     To the extent this paragraph goes toward a claim for removal of copyright management information ("CMI"), there are no allegations to answer in this paragraph because the Court twice dismissed the CMI-removal claim and Plaintiff subsequently abandoned it.  *See* ECF Nos. 39, 73.  To the extent a response is required to the first sentence, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence and, on that basis, denies them.  The second sentence sets forth a legal conclusion to

which no response is required. To the extent that a response is required, Defendant denies the allegations in the second sentence.

43. To the extent this paragraph goes toward a claim for removal of CMI, there are no allegations to answer in this paragraph because the Court twice dismissed the CMI-removal claim and Plaintiff subsequently abandoned it. *See* ECF Nos. 39, 73. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43 and, on that basis, denies them.

44. To the extent this paragraph goes toward a claim for removal of CMI, there are no allegations to answer in this paragraph because the Court twice dismissed the CMI-removal claim and Plaintiff subsequently abandoned it. *See* ECF Nos. 39, 73. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44 and, on that basis, denies them.

45. To the extent this paragraph goes toward a claim for removal of CMI, there are no allegations to answer in this paragraph because the Court twice dismissed the CMI-removal claim and Plaintiff subsequently abandoned it. *See* ECF Nos. 39, 73. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45 and, on that basis, denies them.

46. To the extent this paragraph goes toward a claim for removal of CMI, there are no allegations to answer in this paragraph because the Court twice dismissed the CMI-removal claim and Plaintiff subsequently abandoned it. *See* ECF Nos. 39, 73. To the extent a response is required, Defendant admits that it endeavors to maintain certain metadata that may accompany user-uploaded images. Defendant denies the remaining allegations in Paragraph 46.

47. Defendant denies the allegations in Paragraph 47.

48. Defendant denies the allegations in Paragraph 48.

## CLASS ALLEGATIONS

49. Defendant admits that Plaintiff purports to bring a class action with a subclass of "identified professional photographers." Defendant denies the remaining allegations in Paragraph 49.

50.    Defendant admits that Plaintiff purports to reserve the right to redefine the class and/or subclass.  Defendant denies the remaining allegations in Paragraph 50.

51.    Paragraph 51 sets forth legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 51.

52.    Paragraph 52 sets forth legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 52.

53.    Paragraph 53 sets forth legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 53.

54.    Paragraph 54 sets forth legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 54.

55.    Paragraph 55 sets forth legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 55.

56.    Paragraph 56 sets forth legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 56.

57.    Paragraph 57 sets forth legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 57.

58.    Paragraph 58 sets forth legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 58.

## CAUSE OF ACTION

### Infringement of Copyright On Behalf of Plaintiffs, the Class, and Subclass

59.    Defendant reiterates its responses to the preceding paragraphs of this Answer to the TAC as if fully set forth herein.

60.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60 and, on that basis, denies them.

61.    Defendant denies the allegations in Paragraph 61.

62.    Paragraph 62 sets forth legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 62.

63.     Paragraph 63 sets forth legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 63.

64.     Paragraph 64 sets forth legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 64.

65.     Paragraph 65 sets forth legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 65.

66.     Defendant admits that Plaintiff purports to seek the relief identified in Paragraph 66. Defendant denies the remaining allegations in Paragraph 66.

67.     Paragraph 67 sets forth legal conclusions to which no response is required.  To the extent that a response is required, Defendant denies the allegations in Paragraph 67.

## **PRAYER FOR RELIEF**

This Section contains allegations that are legal conclusions to which no response is required.  To the extent a response is required, Defendant denies that Plaintiff is entitled to the judgment and relief requested or to any other relief.

## **AFFIRMATIVE AND OTHER DEFENSES**

Pursuant to Rule 8(c) of the Federal Rules of Civil Procedure, Defendant asserts the following affirmative and other defenses and does so on information and belief as to the actions of others.  Defendant does not concede that it bears the burden of proof or persuasion on any of these defenses.  Defendant reserves the right to assert additional defenses in the event that discovery or further investigation demonstrates that any such defense is appropriate or applicable. In particular, given that Plaintiff has failed to identify with specificity the allegedly infringing activity for the image that it contends is at issue in this case, Defendant is unable to fully assess the defenses that may be available to it regarding any particular infringement claim.

### **FIRST DEFENSE**

### **(Failure to State a Claim)**

Plaintiff's TAC fails to state a claim for copyright infringement to the extent that Plaintiff purports to be asserting an infringement claim based on copyrighted works that it has not actually identified in the TAC or works that have not been registered with the Copyright Office.  Further,

the TAC fails to state a claim of direct infringement because Plaintiff fails to adequately allege volitional conduct by Defendant and fails to plead facts demonstrating distribution or display with respect to images that appear on users' computer screens that are merely framed/in-line linked.

## SECOND DEFENSE

### (Digital Millennium Copyright Act (DMCA) Safe Harbors)

Plaintiff's claim is barred in whole or in part because Defendant is protected by one or more of the DMCA Safe Harbors set out in 17 U.S.C. § 512. Most notably, Defendant is not liable for any alleged infringement that arises by reason of the storage at the direction of users of material residing on its service. *See* 17 U.S.C. § 512(c). Nor is Defendant liable for any alleged infringement that arises by reason of its referring or linking users to an online location containing infringing material or infringing activity, by using information location tools, including a directory, index, reference, pointer, or hypertext link. *See* 17 U.S.C. § 512(d).

## THIRD DEFENSE

### (License)

Plaintiff's claim is barred in whole or in part by licenses, consents, or permissions that Plaintiff and/or its agents have granted to Defendant and/or to third parties who in turn have granted licenses to Defendant. For example, if Plaintiff and/or its agents have granted third parties permission to pin the work at issue to Defendant's service by posting the work to Plaintiff's and/or third-party websites with a "Pin it" button that enables sharing content on Pinterest, as it has with many of Plaintiff's photographs, then Plaintiff and/or its agents have granted Defendant license(s) to the work under Defendant's Terms of Service.

## FOURTH DEFENSE

### (Fair Use)

The activity that Plaintiff identifies as infringing is not in fact infringing to the extent it constitutes a fair use of the underlying copyrighted material. *See* 17 U.S.C. § 107.

## FIFTH DEFENSE

### (Estoppel)

Plaintiff's claim is barred in whole or in part by the doctrine of estoppel. Defendant has relied on representations from Plaintiff or his representatives or agents about Defendant's authorization to use all or portions of the copyrighted works at issue. For example, Plaintiff and/or those acting at its direction engaged in activities including interacting with the Pinterest platform so as to generate emails and app notifications from Pinterest that are alleged to constitute infringement.

**SIXTH DEFENSE**

**(Unclean Hands)**

Plaintiff's claim is barred in whole or in part by the doctrine of unclean hands. Plaintiff and/or those acting on its behalf have taken affirmative steps to facilitate the conduct about which Plaintiff complains to manufacture a claim in this litigation. For example, Plaintiff and/or those acting on its behalf have interacted with the Pinterest platform, such as by conducting searches for Plaintiff's works, to generate user-activity profiles that are more likely to result in Plaintiff's works being recommended to their accounts. Plaintiff thus caused and exacerbated the supposed infringement that is the subject of this litigation. Plaintiff also has unclean hands to the extent it failed to preserve, and thus spoliated, evidence (e.g., Plaintiff's personal website with its copyrighted work) that goes to the core of Defendant's defenses and for which Defendant has already served discovery.

**SEVENTH DEFENSE**

**(Failure to Mitigate)**

Plaintiff's claim is barred in whole or in part because Plaintiff failed to mitigate Plaintiff's damages, if any. For example, Plaintiff was well aware of the ability to request that Defendant remove any allegedly infringing content using Defendant's DMCA takedown process. To the extent Plaintiff failed to use that process with respect to specific allegedly infringing material on the Pinterest service, and to the extent Plaintiff refused to provide information necessary to identify allegedly infringing material when Defendant explicitly requested that information, Plaintiff has failed to mitigate the damages that it claims to have suffered.

**EIGHTH DEFENSE**

**(Statute of Limitations)**

Plaintiff's claim is barred in whole or in part by the applicable statute of limitations, which requires Plaintiff to have brought its claim within three years after they had accrued. *See* 17 U.S.C. § 507(b).

**NINTH DEFENSE**

**(Substantial Non-Infringing Use)**

Plaintiff's claim is barred in whole or in part by the doctrine of substantial non-infringing use, although Defendant submits that Plaintiff bears the burden of proving the doctrine's inapplicability.

**TENTH DEFENSE**

**(Contract Provisions)**

Plaintiff's claim is barred in whole or in part by the provisions of Pinterest's Terms of Service, which Plaintiff agreed to be bound by.  For example, Pinterest's Terms of Service impose limitations of liability for any use of Plaintiff's content uploaded by third parties.

**ELEVENTH DEFENSE**

**(Waiver)**

Plaintiff's claim is barred in whole or in part by the doctrine of waiver.  For example, Plaintiff's claim is barred to the extent that Plaintiff and/or those acting at its direction posted the work to Plaintiff's and/or third-party websites that embed "Pin it" buttons to enable sharing content on Pinterest.

**TWELFTH DEFENSE**

**(Putative Class Members)**

Defendant alleges that this lawsuit cannot proceed as a class action.  Should the Court determine otherwise, Defendant may have numerous affirmative defenses and counterclaims against individual members of any alleged class, and accordingly, Defendant reserves its right to assert those affirmative defenses and counterclaims in a timely fashion.

1

**PRAYER**

2      WHEREFORE, Defendant respectfully requests the following relief:

3      A.     A judgment in favor of Defendant denying Plaintiff all relief requested in its TAC

4 in this action and dismissing Plaintiff's TAC with prejudice;

5      B.     That Defendant be awarded its costs of suit, including reasonable attorney's fees;

6 and

7      C.     That the Court award Defendant such other and further relief as the Court deems

8 just and proper.

9

**DEMAND FOR JURY TRIAL**

10      Defendant demands a trial by jury on all issues so triable.

11              Respectfully submitted,

12 Dated:  December 30, 2024       WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

13

14              By:  */s/ David H. Kramer*

                    David H. Kramer

15                   dkramer@wsgr.com

                   Thomas R. Wakefield

16                   twakefield@wsgr.com

                   Andrew T. Kramer

17                   akramer@wsgr.com

                   Qifan Huang

18                   qhuang@wsgr.com

19              *Counsel for Defendant PINTEREST, INC.*

20

21

22

23

24

25

26

27

28