1  DAVID H. KRAMER, SBN 168452
   Email: dkramer@wsgr.com
2  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
3  650 Page Mill Road
   Palo Alto, CA 94304-1050
4  Telephone: (650) 493-9300

5  *Counsel for Defendant*
   *PINTEREST, INC.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAUREEN HARRINGTON, as the representative of the Estate of Blaine Harrington III, and HAROLD DAVIS, on behalf of themselves and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PINTEREST, INC.,<br><br>Defendant. | CASE NO.: 5:20-cv-05290-EJD<br><br>**DEFENDANT PINTEREST, INC.'S MOVING SEPARATE STATEMENT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Date: July 17, 2025<br>Time: 9:00 a.m.<br>Courtroom: 4, 5th Floor<br>Judge: Hon Edward J. Davila |

Pursuant to Federal Rule of Civil Procedure 56 and Section V(B)(1) of this Court's Standing Order for Civil Cases, Defendant Pinterest, Inc. ("Pinterest") submits the following Moving Separate Statement in support of its Motion for Summary Judgment.

| Claim or Defense | Moving Party's Undisputed Facts/Supporting Evidence | Opposing Party's Response/Supporting Evidence |
|---|---|---|
| **Affirmative Defense: Digital Millennium Copyright Act Safe Harbors** | | |
| Background | **Fact 1:** The Third Amended Complaint asserts a single claim for direct copyright infringement based on Pinterest's alleged display of the photograph "Waikiki Beach, Honolulu, Oahu, Hawaii, USA" via a Pinterest notification message dated July 29, 2020.<br><br>ECF No. 88 (Third Amended Complaint) ¶ 31 & Image 1. | |
| | **Fact 2:** Pinterest has asserted an affirmative defense based on the safe harbors of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512(c) and § 512(d).<br><br>ECF No. 102 at 9. | |
| | **Fact 3:** The DMCA safe harbors shield online services from liability for claims of copyright infringement provided they satisfy the statute's threshold requirements [*see* 17 U.S.C. §§ 512(c)(1)-(2), 512(d)(1), 512(i)(1)] and provided the claim arises "by reason of the storage" of the allegedly infringing material on the online service at the direction of a user, 17 U.S.C. § 512(c)(1), and/or "by reason of [the online service] referring or linking users" to the material, 17 U.S.C. § 512(d)(1).<br><br>*Davis v. Pinterest, Inc.*, 601 F. Supp. 3d 514 (N.D. Cal. 2022), *aff'd*, 2023 WL 5695992 (9th Cir. Sept. 5, 2023). | |

| **The Pinterest Platform** | | |
|---|---|---|
| The Pinterest Platform | **Fact 4:** Pinterest operates an online service that enables users to upload and share content, including photographs.<br><br>Declaration of David H. Kramer in Support of Pinterest's Motion for Summary Judgment ("Kramer Decl."), Ex. J ("Lien Decl.") ¶ 5; *id.* Ex. K ("DeChant Decl. I") ¶¶ 2-3, 7; *Davis*, 601 F. Supp. 3d at 518. | |
| | **Fact 5:** The process by which users upload content to Pinterest is initiated exclusively by Pinterest users.<br><br>DeChant Decl. I ¶ 4; Kramer Decl. Ex. C (N. DeChant Deposition) at 31:1-17; *Davis*, 2023 WL 5695992, at *1. | |
| | **Fact 6:** Except for circumstances not relevant to this case in which Pinterest has requested custom content from certain content creators, Pinterest does not direct or encourage its users to upload any particular content.<br><br>DeChant Decl. I ¶¶ 2, 4; *Davis*, 2023 WL 5695992, at *1. | |
| | **Fact 7:** Pinterest uses fully automated processes for copying, formatting, and displaying content that is stored on Pinterest's system at the direction of users.<br><br>DeChant Decl. I ¶¶ 2, 4, 8-11. | |
| **Pinterest Meets the DMCA's Threshold Requirements for Safe Harbor Protection** | | |
| Pinterest is a "service provider." 17 U.S.C. § 512(k)(1)(B). | ***See supra* Fact 4.** | |

| | | | |
|---|---|---|---|
| Pinterest has a "designated agent" to receive "notifications of claimed infringement." 17 U.S.C. § 512(c)(2). | **Fact 8:** Pinterest has maintained a formally-registered designated agent with the United States Copyright Office to receive notifications of claims infringement. Lien Decl. ¶ 10; Kramer Decl. Exs. B (H. Lien 30(b)(6) Deposition) at 58:17-59:2, E-H. | | |
| | **Fact 9:** Pinterest has made publicly available on its website the contact information for its DMCA agent. Lien Decl. ¶ 10 & Ex. 4. | | |
| Pinterest has adopted, communicated, and implemented a repeat-infringer policy. 17 U.S.C. § 512(i)(1)(A). | **Fact 10:** Pinterest adopted and publicly informed users of its repeat-infringer policy. Lien Decl. ¶¶ 16-20 & Exs. 4, 6; Kramer Decl. Ex. B (H. Lien 30(b)(6) Deposition) at 40:22-42:2, 42:3-44:5. | | |
| | **Fact 11:** Pinterest enforces its repeat infringer policy, including by terminating approximately 1,000 users between October 20, 2019 and November 20, 2019 alone. Lien Decl. ¶¶ 19-20. | | |
| Pinterest "accommodates and does not interfere with standard technical measures." 17 U.S.C. § 512(i)(1)(B). | **Fact 12:** Pinterest is unaware of any technical measures that are used by copyright owners to identify or protect copyright works and that (1) have been developed pursuant to a broad consensus of copyright owners and service providers; (2) are available to any person on reasonable and nondiscriminatory terms; and (3) do not impose substantial costs on service providers or substantial burdens on their systems or networks. Lien Decl. ¶ 21. | | |

| | | |
|---|---|---|
| **Pinterest's Notification Messages Fall Within the DMCA Safe Harbors 512(c) & 512(d)** | | |
| Plaintiff's claim of infringement arises "by reason of the storage at the direction of a user" 17 U.S.C. § 512(c)(1), and "by reason of the provider referring or linking users," *id.* § 512(d). | **Fact 13:** One of the ways by which Pinterest facilitates access to content that users store on Pinterest's computer system is through notification messages.<br><br>DeChant Decl. I ¶ 18. | |
| | **Fact 14:** Pinterest empowers users to decide if they want notification messages and how to receive them—either by email or through the Pinterest mobile application.<br><br>DeChant Decl. I ¶ 18; Kramer Decl. Ex. A (K. Kim 30(b)(6) Deposition) at 48:10-49:17; *Davis*, 601 F. Supp. 3d at 527. | |
| | **Fact 15:** Pinterest's notification messages are composed of hyperlinks that point back to images that reside on Pinterest's online platform and are hosted on Pinterest's computer system.<br><br>ECF No. 88 ¶ 24; Kramer Decl. Exs. D (*Davis* Response to Interr. No. 8); A (K. Kim 30(b)(6) Deposition) at 40:2-43:24, 69:10-70:1, 73:14-74:4, 82:6-9; *Davis*, 601 F. Supp. 3d at 527. | |
| | **Fact 16:** Pinterest's notifications do not themselves contain copies of the images to which they link.<br><br>Kramer Decl. Exs. D (*Davis* Response to Interr. No. 8); A (K. Kim 30(b)(6) Deposition) at 40:2-43:24, 69:10-70:1, 73:14-74:4, 82:6-9; *Davis*, 601 F. Supp. 3d at 527. | |

| | | | |
|---|---|---|---|
| 1 | | **Fact 17:** Prior to the filing of this lawsuit in July 2020, the images on the Pinterest service were, with the exception of rare cases not at issue here, uploaded to the Pinterest service by users.<br><br>DeChant Decl. I ¶ 2; Kramer Decl. Ex. B (H. Lien 30(b)(6) Deposition) at 74:20-75:2; Declaration of Nick DeChant in Support of Pinterest's Motion for Summary Judgment, dated March 31, 2025 ("DeChant Decl. II") ¶ 2. | |
| | | **Fact 18:** If a user opens a notification message and has their software configured to display images, assuming no technical difficulties, the user's software will call Pinterest's computer system for the images linked to in the notification message and Pinterest will transmit the images to the user's computer for display through the same process as a user visiting Pinterest's website using a web browser would request, receive and display an image from Pinterest's computer system.<br><br>DeChant Decl. II ¶ 6. | |
| | | **Fact 19:** The entire notification process from Pinterest's perspective— from determination of whether a user has requested to receive notifications, to determination of the links to include in a notification message to delivery of the notification—is fully automated.<br><br>DeChant Decl. I ¶ 18; *see Davis*, 601 F. Supp. 3d at 520. | |

| | | |
|---|---|---|
| | **Fact 20:** Pinterest's machine-learning algorithms determine which links to include in notifications based on what images the algorithms identify as being of potential interest to the recipient based on factors including the recipient's past activity on Pinterest.<br><br>DeChant Decl. I ¶ 18; *Davis*, 601 F. Supp. 3d at 527. | |
| **Harrington Cannot Demonstrate Exceptions to the DMCA Safe Harbors Apply** | | |
| Harrington cannot demonstrate that Pinterest failed to act "expeditiously to remove, or disable access to, [his] material" either when it received a proper DMCA takedown notice (17 U.S.C. § 512(c)(1)(C)), or when it had actual or red-flag knowledge of "specific knowledge of [the] particular infringing activity" (*id.* § 512(c)(1)(A)(i)-(iii)). | **Fact 21**: Blaine Harrington III never sent Pinterest a takedown notice under the Digital Millennium Copyright Act identifying allegedly infringing material on the Pinterest service or otherwise sent communications to Pinterest apart from filing this lawsuit.<br><br>Kramer Decl. Exs. M (Pl.'s Resps. to Pinterest's First Set of Interrogs. No. 10) & N (Pl.' Resps. to Pinterest's First Set of RFPs No. 9-10). | |
| | **Fact 22**: Because Pinterest hosts "billions" of pieces of content, it "does not" and "could not[] manually review the content that users choose to store on its computer network."<br><br>DeChant Decl. I ¶ 7; *Davis*, 601 F. Supp. 3d at 518. | |

| | | |
|---|---|---|
| Harrington cannot demonstrate that Pinterest "receive[d] a financial benefit directly attributable to" the alleged infringement of Harrington's work through notification messages, where Pinterest had the right and ability to control" the alleged infringement." 17 U.S.C. § 512(c)(1)(B); *id.* § 512(d)(2). | *See supra* **Facts 5, 6, 7, 19, 20** **Fact 23**: Pinterest's notification messages do not include advertisements. DeChant Decl. I ¶ 18; Kramer Decl. Ex. B (K. Kim 30(b)(6) Deposition) at 33:5-7, 44:7-12; *Davis*, 601 F. Supp. 3d at 527. | |

I attest that the evidence cited herein fairly and accurately supports or disputes the facts as asserted.

Dated: March 31, 2025                                Respectfully submitted,

                                                                      WILSON SONSINI GOODRICH & ROSATI
                                                                      Professional Corporation

                                                                      By:   */s/ David H. Kramer*
                                                                                 David H. Kramer
                                                                                 dkramer@wsgr.com
                                                                                 Thomas R. Wakefield
                                                                                 twakefield@wsgr.com
                                                                                 Paul N. Harold
                                                                                 pharold@wsgr.com
                                                                                 Andrew T. Kramer
                                                                                 akramer@wsgr.com
                                                                                 Qifan Huang
                                                                                 qhuang@wsgr.com

                                                                 *Counsel for Defendant* PINTEREST, INC.